43397. CROWE v. MANPOWER TEMPORARY SERVICES.
(347 SE2d 560)

SMITH, Justice.

The appellee, Manpower Temporary Services, sought to enjoin the appellant, Dorothy Crowe, from violating a restrictive covenant by working for a rival temporary help service in LaGrange. The trial court ordered Ms. Crowe to cease work for Carlisle Work Force, and to abide by the restrictive covenant. On appeal, Ms. Crowe raises two issues. We reverse.

On November 10, 1980, Ms. Crowe signed an employment agreement with Manpower in which she agreed to refrain for one year after termination of her employment with Manpower from engaging "in a business similar to [Manpower] within a radius of 50 miles of the city in which [she was] employed at the time of such termination." Ms. Crowe also signed a "supplemental agreement" which appeared at the end of the employment agreement, in which she agreed to refrain from competition with Manpower for a period of a year after termina-

tion of her employment in an area "within a 50 mile radius of any city in which there is a Manpower office or Manpower licensed business, other than the city where employed at the time [of the termination of Ms. Crowe's employment]." Ms Crowe stopped working for Manpower in 1985 due to illness.

Ms. Crowe subsequently participated in the formation and daily conduct of a new temporary help agency in LaGrange. Manpower successfully sought to enjoin her from working for the new agency. She now claims that the restrictive covenant may not be enforced because it is not sufficiently specific in its terms.

1. We have held that, generally, territorial restrictions relating to an employee's business locale will be enforced, while restrictions relating to an employer's business locale will not be enforced. *Howard Schultz &c. of the Southeast v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977). The former type of restriction may logically be seen as a closely tailored method of protecting an employer's investment in an employee, in customer relations, and in good will. The latter appears, generally, as a broad attempt to limit competition. Id.

When read together, the restrictive covenant in the main body of the employment agreement and the provision in the supplemental agreement prohibit Ms. Crowe from competing with Manpower in any area in which Manpower does business. Seen as a whole, thus, the agreement made between the parties on November 10, 1980, appears to be a broad agreement to restrict competition, rather than an agreement precisely drafted to protect an employer's investment in the training of the employee and in good will generated by the employee. Thus, if we do not sever the restrictive covenant found in the "supplemental agreement" from the restrictive covenant found in the main body of the employment agreement, the restrictive covenant cannot stand.

2. In *Schultz*, supra at 185-186, we declined to engage in the practice of salvaging overly broad restrictive covenants by judicially excising offensive portions of covenants brought before this court. In *Schultz*, however, we acknowledged that different *types* of covenants might be severed, and that one covenant of a particular sort in an employment agreement might be valid, where another type in the same agreement might be invalid.[1]

Here, the two covenants perform the same function,[2] so, although they are found in separate portions of the document containing the employment agreement and Ms. Crowe signed both covenants, we see them as two parts of the same overly broad covenant. We will not

---

[1] See *Aladdin v. Krasnoff*, 214 Ga. 519 (105 SE2d 730) (1958).

[2] *Schultz* involved a covenant to not compete and a non-disclosure covenant in the same contract. *Schultz*, supra at 186-187. Here we have two covenants to not compete.

sever the "supplemental agreement" in order to save the valid portions of the restrictive covenant binding Ms. Crowe.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Weldon & Thomas, Hoke J. Thomas, Jr.,* for appellant.
*Zachry, Kirby & Little, Louis J. Kirby,* for appellee.