77493. BIOSPHERE INDUSTRIES, INC. et al. v. OXFORD CHEMICALS, INC. et al.
(379 SE2d 555)

BEASLEY, Judge.

Oxford Chemicals and its president Tremonti sued Biosphere Industries, Barkas, and Katz, alleging violations of a restrictive cove-

---

nant not to compete. With his answer, Barkas filed a counterclaim asserting that the action had been instituted with malice and for the wrongful purpose of interfering with his right to conduct his business, for which he sought lost profits, vindictive damages, attorney fees and expenses. Biosphere and Katz moved for summary judgment, to which Oxford and Tremonti responded, and which the court denied. At the close of the plaintiffs' evidence at trial, the three defendants moved for directed verdict, which was denied. A week later the jury returned a verdict in favor of defendants on the claim and in favor of plaintiffs on Barkas' counterclaim.

Appellants Biosphere and Katz then filed the instant action against Oxford and Tremonti, based on the alleged malicious use of process. After the Supreme Court rendered its decision in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), a count for abusive litigation in accordance with *Yost* was added. Appellees, advancing three theories precluding recovery, moved for summary judgment, which was granted without explanation after a hearing. Biosphere and Katz appeal.

The thrust of appellants' claim against appellees was that their underlying action was initiated without "probable cause" to believe that the facts alleged were true. By denying appellants' motion for summary judgment and for directed verdict, the trial court in essence ruled that material issues of fact were presented for jury resolution.

In *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), the Supreme Court considered "whether a judicial determination of probable cause made in the course of a criminal prosecution can establish, as a matter of law and for purposes of summary judgment, the existence of probable cause in a civil action for malicious prosecution." At the criminal trial the motion by defense counsel for directed verdict of acquittal at the close of the State's case was denied. The Supreme Court concluded that "when the trial judge rules that evidence is sufficient *as a matter of law* to support a conviction (that is, sufficient to enable a rational trier of fact to find each and every element of the guilt of the accused beyond a reasonable doubt), we can see no reason why such a holding — unreversed and in the absence of fraud and corruption — should not suffice as to the existence of probable cause." Id. at 761. Thus the denial of a motion for directed verdict of acquittal was held to constitute a "binding determination of the existence of probable cause." Id. Accord *Allen v. Montgomery Ward & Co.*, 186 Ga. App. 337 (367 SE2d 120) (1988); *Griffin v. Ga. Power Co.*, 186 Ga. App. 565 (367 SE2d 832) (1988); *Warren v. Akins*, 188 Ga. App. 602 (373 SE2d 802) (1988).

The instant action is sufficiently analogous to be controlled by *Monroe* and the cases applying it. The rulings of the trial court in denying both summary judgment and directed verdict in the underly-

ing case, which required submission of the case to the jury, were equally sufficient to constitute "a binding determination" that their civil action against appellants did not lack substantial justification so as to render it frivolous, groundless or vexatious. As in *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 796-797 (4) (359 SE2d 920) (1987), so here: "We need not delay a final adjudication on this matter because as a matter of law it reasonably could be believed that a court would accept the asserted claim. That being true, summary judgment was properly granted in [appellees'] favor. [Cits.]"

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED MARCH 7, 1989 — 

*Weinstock, Scavo & Montalto, Michael Weinstock, J. Patrick McCrary, Stephen M. Katz*, for appellants.

*Heyman & Sizemore, William H. Major, William B. Brown*, for appellees.