46881. BULLDOG TRUCKING, INC. v. ADAMS.
(380 SE2d 702)

GREGORY, Justice.

Appellant Bulldog Trucking, Inc. sued appellee Adams in Frank-

lin Superior Court, alleging that Adams breached a covenant not to compete contained in an agreement in which Adams sold his controlling stock in Bulldog. The covenant provided that Adams was not to go into direct competition with Bulldog for one year after the date of Adams's termination with Bulldog. Termination was defined in the covenant as "no employment or no consultation for a period of One Hundred Twenty (120) days."

After the trial court entered a temporary restraining order against Adams, Adams counterclaimed in two counts. In count one Adams sought attorney fees for Bulldog's alleged bad faith litigation. In count two Adams sought damages, alleging that Bulldog obtained the temporary restraining order and sought the injunction against him only to harass him.

The jury returned a verdict against Bulldog on its contract claim and in favor of Adams on the counterclaim. The jury awarded Adams $20,000 in nominal damages, $5000 in actual damages, and $25,000 for the cost of litigation, including attorney fees.

On appeal Bulldog argues that the trial court erred in admitting parol evidence to interpret the words of the contract. Bulldog also contends that Adams's counterclaim should have been dismissed and that the jury's award of both nominal and actual damages was contrary to law because the two types of damages are mutually exclusive.

1. We hold that the trial court did not err in finding that the covenant not to compete was ambiguous. It is unclear from the face of the agreement whether "One Hundred and Twenty Days" modified both "employment" and "consultation," as Bulldog argued, or only "consultation," as Adams argued. The trial court properly allowed the introduction of parol evidence to explain the ambiguity. Therefore, we affirm the judgment against Bulldog on its claims.

2. We also hold that the trial court erred as a matter of law in awarding Adams damages and fees. In an order denying Bulldog's motion for j.n.o.v. and new trial, the trial court held that the jury's award of fees to Adams was authorized under OCGA § 13-6-11. The court explained that although that section is generally reserved to plaintiffs, in this case Adams was a true plaintiff in counterclaim because he sought and received actual damages for Bulldog's actions.

Assuming, without deciding, that a *Yost* claim would be an independent claim under OCGA § 13-6-11, Adams had no independent claim because he lacked a viable *Yost* claim. The jury was asked, as one of a series of progressive interrogatories, "Did Plaintiff bring this lawsuit against the Defendant Adams in bad faith and without justification?," and the jury answered affirmatively. Thus, the only *Yost* issue this case presents is whether Bulldog brought an action that lacked "substantial justification," defined as being "substantially frivolous, substantially groundless, or substantially vexatious." *Yost v.*

*Torok*, 256 Ga. 92, 96 (344 SE2d 414) (1986). We hold that because the language of the restrictive covenant was ambiguous and capable of two interpretations, Bulldog's suit did not lack substantial justification and the jury improperly awarded Adams damages and fees.

Adams argues that his claim for wrongful injunction gives rise to an independent claim, thus authorizing an award of damages under OCGA § 13-6-11. Because of the absence of a question on the subject in the interrogatory verdict form, the jury did not return a verdict as to whether the injunction was wrongful, but only that Bulldog had brought the lawsuit against Adams in bad faith. A finding of bad faith does not necessarily establish a wrongful injunction within the meaning of *Moody v. Harris*, 170 Ga. App. 254 (316 SE2d 781) (1984). Furthermore, we hold that as a matter of law, this was not bad faith litigation. Therefore, we reverse the judgment for Adams on his counterclaim.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Smith, J., who dissents as to Division 2 and the judgment therein, and Hunt, J., not participating.*

DECIDED JULY 7, 1989 —
RECONSIDERATION DENIED JULY 27, 1989.

*Andrew J. Hill, Jr.*, for appellant.
*Johnson & Vandiver, C. Donald Johnson, Jr., S. Ernest Vandiver III, Jerry N. Neal*, for appellee.