A89A2332. BOUCHARD et al. v. FOWLER.
(388 SE2d 874)

Deen, Presiding Judge.

Martha Fowler brought a medical malpractice suit against Dr. James L. Bouchard, P.C., and Dr. Bouchard, individually. The defendant filed a *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), counterclaim. The defendants moved for summary judgment prior to trial and the motion was denied. At trial, they moved for a directed verdict at the close of the evidence and it was also denied. The jury returned a verdict in the defendants' favor. The jury then reconvened and heard evidence on defendants' counterclaim, returned the requested verdict of $1.00, and this verdict was made the judgment of the court. Defendants later filed a timely motion for an award of litigation costs and attorney's fees for frivolous actions pursuant to the provisions of OCGA § 9-15-14. After a hearing on the motion, the trial court entered an order denying the motion and this appeal follows. *Held*:

The decision in *Yost v. Torok*, 256 Ga. 92, 95, supra, specifically states that OCGA § 9-15-14 will govern the award for attorney's fees and expenses of litigation for abusive conduct. OCGA § 9-15-14 (a) and (b) set forth the guidelines for the award of attorney's fees and expenses of litigation. Subsection (a) provides that they *shall* be imposed where "there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Subsection (b) is couched in discretionary language and provides that the court *may* assess attorney's fees and expenses of litigation if the action brought or defended "lacked substantial justification or . . . the action, or any part thereof, was interposed for delay or harassment," etc. Under subsection (f), the amount of the award "shall be determined by the court without a jury." Appellants argue that the jury award on the *Yost* counterclaim mandates an award for the expenses of litigation and attorney's fees. We disagree.

In *Biosphere Indus. v. Oxford Chemicals*, 190 Ga. App. 613, 614 (379 SE2d 555) (1989), this court held that by denying the appellants' motions for summary judgment and for directed verdict, the trial court was finding that material issues of fact were presented for jury

resolution. These rulings were therefore sufficient "to constitute a 'binding determination' that their civil action against appellants did not lack substantial justification so as to render it frivolous, groundless, or vexatious." As the trial court in the instant case denied appellants' motions for summary judgment and for a directed verdict, it could not award the damages appellants sought. *Biosphere Indus. v. Oxford Chemicals,* supra.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 15, 1989 —
REHEARING DENIED NOVEMBER 28, 1989 — 

Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, *Stephanie L. DeBerry,* for appellants.

*Peters, Burns & Millender, Allen F. Townsend, James D. Burns,* for appellee.