A89A2123. COLQUITT v. NETWORK RENTAL, INC.
(393 SE2d 28)

BEASLEY, Judge.

Colquitt appeals the grant of summary judgment on his counterclaim for interference with contract rights, costs and attorney fees under OCGA § 9-15-14, and abusive litigation under *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986).

Network Rental, Colquitt's former employer, sued in August 1986 to enjoin him and another former manager from working as managers for a competitor in the "rent-to-own" industry. The suits were premised on a non-competition clause contained in the two men's contracts with Network. The court hearing Colquitt's suit ruled the clause enforceable while the court in the second suit held it was not.

Colquitt began work for Network in October 1985 and signed the employment contract with this following covenant: "Employee agrees that he will not, in any way, directly or indirectly, . . . within three

(3) years after the termination of his employment . . . either as an individual on his own account or as a partner, employee, officer, director, stockholder, or agent of or for any person, firm, association, or corporation, engage, within [fourteen named Georgia counties] in either the performance of any duties which are the same or similar to those duties performed by Employee while employed by Network Rental for, or the management of, any business establishment renting televisions, stereos, furniture, and appliances which are the same or similar to those rented by Network Rental within the territory described above, . . . ." A clause provided that employee agreed that Network would be entitled to injunctive relief upon proof of a violation of the covenant. Colquitt had no experience in the rent-to-own industry and was given classroom and on-the-job managerial training. He became a manager of a Gwinnett County Network store before leaving Network voluntarily. He then began work for a direct competitor, managing its Gwinnett County store approximately a mile from Network's.

Both cases were appealed to the Supreme Court, which found the clause unenforceable in a non-unanimous decision reversing the 9-month-old injunction against Colquitt. *Colquitt v. Network Rental,* 257 Ga. 652 (363 SE2d 150) (1987). The court concluded that the "covenant is too broad in both its time restriction and its territorial restriction, see *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183-184 (236 SE2d 265) (1977); *Rollins Protective Svcs. Co. v. Palermo,* 249 Ga. 138, 140 (1) (287 SE2d 546) (1982); *Crowe v. Manpower Temporary Services,* 256 Ga. 239, 240 (1) (347 SE2d 560) (1986)." The grant of summary judgment to Network on Colquitt's counterclaim for abusive litigation and attorney fees was reversed since it was "based on its determination that the restrictive covenant was valid . . . ."

Summary judgment was granted to Network on three causes of action in the amended counterclaim, i.e., intentional interference with contract claim; *Yost*; and attorney fees and costs pursuant to OCGA § 9-15-14.

1. We first consider the scope of the review. Appellant filed a supplemental enumeration of errors on November 14, 1989 and a supporting brief on December 27. The case had been docketed on August 10 and appellant was required to file any enumeration of error within 20 days thereafter. "An enumeration of error may not be amended after the original filing time has expired. [Cits.]" *Parham v. State,* 166 Ga. App. 855, 856 (305 SE2d 599) (1983); *MacDonald v. MacDonald,* 156 Ga. App. 565, 569 (2) (275 SE2d 142) (1980).

2. The trial court held that the fact that the restrictive covenant was eventually declared invalid did not mean the suit at its inception was "bereft of any justiciable issue" and that the action did not lack

substantial justification, due to the court's original grant of summary judgment to Network, citing *Biosphere Indus. v. Oxford Chemicals*, 190 Ga. App. 613 (379 SE2d 555) (1989).

While Georgia does regard as void those contracts which lessen competition and restrain trade against public policy, a contract containing such type clause may be upheld "if the restraint is reasonable and the contract is valid in other respects. [Cit.]" *Shanco Intl. v. Digital Controls*, 169 Ga. App. 184, 186 (1) (312 SE2d 150) (1983). Whether such restraint is reasonable is a question of law for the court, but if the contract is not void on its face, reasonableness is tested in light of the specific facts. *Rollins Protective Svcs. v. Palermo*, supra at 139 (1). Not all such covenants are unreasonable. *Beckman v. Cox Broadcasting*, 250 Ga. 127 (296 SE2d 566) (1982).

Colquitt's contention below was that his clause was premised on an "anomaly" of Georgia law, *Pierce v. Indus. Boiler Co.*, 252 Ga. 558 (315 SE2d 423) (1984), and that Network should have known such a contract would not be upheld. Since the court below granted summary judgment to Network, the evidence is viewed in favor of Colquitt, and it is assumed that it was so based. *Pierce* upheld a territorial restriction of a 120-mile radius and a restriction that the employee was not to engage in the boiler sales business in any capacity held by him for one year. The language is very similar to that in the contract at issue.

(a) Because the area of non-compete clauses is one in which similar clauses beget dissimilar results and each case must be considered on its own particular facts, see *Fuller v. Kolb*, 238 Ga. 602, 605 (234 SE2d 517) (1977) (dissenting opinion), the suit here did not suffer from such a complete absence of justiciable issues of law and fact that no court would accept it. *Yost*, supra; *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79 (387 SE2d 34) (1990).

Colquitt contends the trial court's reliance on its original summary judgment order as establishing "substantial justification," which it labels probable cause, was erroneous. It was not. *Bulldog Trucking v. Adams*, 259 Ga. 382 (380 SE2d 702) (1989); *Bouchard v. Fowler*, 193 Ga. App. 697 (388 SE2d 874) (1989); *Biosphere*, supra; compare *Howe v. Roberts*, 259 Ga. 617, 619 (2) (385 SE2d 276) (1989).

(b) Likewise, the denial of OCGA § 9-15-14 attorney fees and costs of litigation was not an abuse of discretion under these circumstances. *Bulldog*, supra; *Bouchard*, supra; *Biosphere*, supra.

(c) The court granted summary judgment on the count for intentional interference with contract on the theory that, since the *Yost* and OCGA § 9-15-14 claims failed, there was no basis for that claim as a counterclaim for abusive litigation. This procedural rationale is relevant only to claims for attorney fees and costs under OCGA § 13-6-11, which is not present. However, a decision right for any reason

will be affirmed. *Dorminy v. Dorminy*, 242 Ga. 326 (249 SE2d 49) (1978); *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (1) (380 SE2d 78) (1989). Therefore, the merits of the claim alleging interference with contract rights will be reviewed.

The issue is whether a former employer tortiously interferes with the contract rights of its former employee by obtaining from a court an injunction against that former employee's working for a competitor.

Network notified the competitor that Colquitt was working in violation of a non-compete clause, by copy of its attorney's letter to Colquitt asking him to cease and desist. But the competitor took no steps to relieve Colquitt of his managerial duties. When Colquitt was advised of the order enjoining his working for a competitor, he quit.

An employee has a property right in his contract of employment with which another may not unlawfully interfere. OCGA § 51-9-1; *Ott v. Gandy*, 66 Ga. App. 684, 688 (19 SE2d 180) (1942). Thus, although there was "interference," the former employer's availing itself of the court for the settlement of the dispute, even though the court's decision was later overturned, was not such an unauthorized act or one without legal justification so as to give rise to liability for interference with contract rights. *Singleton v. Itson*, 192 Ga. App. 78, 79 (383 SE2d 598) (1989); *Combs v. Edenfield*, 184 Ga. App. 75, 77 (360 SE2d 743) (1987); see *Fulton Grocery Co. v. Maddox*, 111 Ga. 260, 264 (36 SE 647) (1900).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 29, 1990 — 

*Fowler, Hein & Daum, Robert P. Hein, David R. Passino*, for appellant.

*Winburn, Lewis & Barrow, Gene Mac Winburn, Jeffrey W. Bell*, for appellee.