A90A1881. WEBB v. STATE AUTOMOBILE MUTUAL INSURANCE COMPANY.
(402 SE2d 352)

SOGNIER, Chief Judge.

Zella Webb brought suit in January 1986 against Patricia Corbin seeking to recover $3,793.84 in property damage incurred in an automobile accident. On July 16, 1986 Webb executed a subrogation assignment and release in favor of her insurer, State Automobile Mutual Insurance Company (SAMIC). SAMIC thereafter settled with Corbin and her insurer, but Webb refused to enter into the settlement agreement, contending she was entitled to pursue a claim against Corbin for $200 (her deductible under the policy), which amount she claimed had not been included in the subrogation agreement she and SAMIC had executed. Nine months after execution of the subrogation agreement, SAMIC moved both to intervene in Webb's suit against Corbin in order to recover from Corbin the amount it had paid to Webb and to enforce the settlement agreement as to Webb. It was not until nearly four months after SAMIC moved to intervene that Webb amended her complaint against Corbin to seek recovery of only $200. In *Webb v. State Automobile Mut. Ins. Co.*, 187 Ga. App. 425 (370 SE2d 492) (1988), in a 5-4 decision this court distinguished the Supreme Court's opinion in *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976) to hold that the subrogation assignment and release executed by Webb and SAMIC did not apply to the deductible, thereby authorizing Webb to proceed with her suit against Corbin to recover $200. Thereafter, Webb amended her complaint to add a cross claim against SAMIC for 1.25 million dollars in damages arising out of the dispute over the $200 deductible. The trial court granted SAMIC's motion to dismiss the cross claim, and the main claim having been resolved below, Webb appeals from the dismissal.

As the trial court's order on appellee's motion references the

briefs and arguments of the parties, appellee's motion relies upon agreements executed by the parties attached as exhibits to the pleadings, and it appears in the record that matters other than the cross claim itself were presented to the trial court for consideration, appellee's motion to dismiss was converted into a motion for summary judgment pursuant to OCGA § 9-11-12 (b) and will be treated accordingly. See generally *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519) (1982).

We find no merit in appellant's arguments that her cross claim alleged anything other than the tort of abusive litigation. An examination of her cross claim reveals that all of her allegations are based on her objections to the legal actions appellee has taken in intervening in appellant's suit against Corbin, in moving the trial court to impose on appellant the settlement agreement appellee had negotiated with Corbin's insurer, and in challenging appellant's interpretation of the subrogation agreement as to the viability of her claim for the $200 deductible. We cannot agree with appellant that her allegations regarding verbal threats or coercive behavior by appellee or its institution of legal proceedings (outside of a claim for abusive litigation) alone can give rise to a cause of action under the circumstances presented here. See *Kornegay v. Mundy*, 190 Ga. App. 433, 434-435 (1) (379 SE2d 14) (1989); *Georgia Power Co. v. Johnson*, 155 Ga. App. 862, 863 (2) (274 SE2d 17) (1980).

In order for appellant to state a claim for abusive litigation, it must appear that appellee has asserted "a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or [that appellee's motions] lack[ed] substantial justification, or [were] interposed for delay or harassment." *Yost v. Torok*, 256 Ga. 92, 96 (13) (344 SE2d 414) (1986). The record supports appellee's contention that at the time it initiated legal action, it had two valid reasons for so doing: (1) the language in the subrogation agreement and the opinion in *Lindsey*, supra, supported its claim that appellant had assigned her entire claim to appellee; and (2) the language in appellant's complaint sought damages from Corbin for the full amount of property damage appellant had suffered, even though more than nine months had elapsed since she had executed the subrogation agreement assigning all but $200 worth of that claim to appellee. While appellant eventually did amend her complaint against Corbin, it took a decision of this court to determine that the subrogation agreement was not controlled by *Lindsey*, supra, a decision to which four judges of this court dissented. See *Webb*, supra at 426. It thus appears that the language of the subrogation agreement was subject to two valid interpretations, and accordingly appellee's legal actions

did not lack substantial justification so as to support appellant's abusive litigation claim. See generally *Bulldog Trucking v. Adams*, 259 Ga. 382, 384 (380 SE2d 702) (1989). Furthermore, the trial court was entitled to rely on its original ruling in favor of appellee on the merits of appellant's claim regarding the deductible as establishing "substantial justification" for appellee's actions. See *Colquitt v. Network Rental*, 195 Ga. App. 244, 246 (2) (a) (393 SE2d 28) (1990).

Where the issue of abusive litigation can be determined as a matter of law, summary judgment is an appropriate remedy. *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 796 (359 SE2d 920) (1987). In view of the fact that appellee's intervenor action did not suffer from such a complete absence of justiciable issues of law and fact that no court would accept it, see generally *Colquitt*, supra, we find no error in the trial court's ruling in appellee's favor on appellant's cross claim. Id.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1991.

*Donald B. Walker*, for appellant.

*Edward M. Harris & Associates, Edward M. Harris, Jr., Vicki M. Knott*, for appellee.