### A90A1605. WATKINS v. M & M CLAYS, INC.
### A90A1606. NIX v. M & M CLAYS, INC.
### A90A1607. NIX et al. v. M & M CLAYS, INC.
### A90A1680. M & M CLAYS, INC. v. BURNEY et al.
### A90A1681. COWART v. M & M CLAYS, INC.
(404 SE2d 141)

Andrews, Judge.
These five related cases had their genesis in the 1987 filing of a Wilkinson County complaint by Pearl Burney (appellee in A90A1680) alleging that M & M Clays, Inc. (appellant in A90A1680; appellee in the other four cases) had trespassed upon her property for the purpose of mining kaolin from 1963 until 1971, without her permission or knowledge and without remuneration to her.

M & M answered, contending that Burney's complaint was barred by the applicable statute of limitation and asserting a counter-

claim for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). Two days later, M & M filed a "Third Party Complaint" naming Watkins, a Houston County resident (appellant in A90A1605 and appellee in A90A1680) and Burney as defendants and alleging a conspiracy to commit abusive litigation.

In 1987, the trial court denied M & M's motion for summary judgment on Burney's claim relying on the "discovery rule" set out in *Lumberman's Mut. &c. Co. v. Patillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985). In 1988, that case was overruled by *Corporation of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988). The trial court then vacated its previous order and awarded summary judgment to M & M based on the statute of limitation defense.

M & M's *Yost* claim was then tried before a jury which returned a verdict in favor of Burney but against Watkins in the amount of $1 in nominal damages, $25,000 in special damages, and $75,000 in punitive damages. M & M then filed a motion pursuant to OCGA § 9-15-14 for attorney fees and expenses of litigation against Watkins and "one or more or all of the attorneys of record therein for [Burney] or [Watkins]." Included were attorneys Nix (appellant in A90A1606 and A90A1607), Watkins,[1] Cowart (appellant in A90A1681), Warren and Evans. The trial court granted the motion against only Watkins, Nix and Cowart.

The three have appealed this order, consolidating these appeals with the main appeal by Watkins from the *Yost* verdict, as authorized by *Haggard v. Bd. of Regents*, 257 Ga. 524 (360 SE2d 566) (1987). M & M has filed a cross-appeal from the trial court's refusal to rule on its motion for new trial on the general grounds after the notices of appeal were filed.

The brief of M & M contains numerous factual representations as to what occurred at the trial. No transcript was filed by any of the parties to the appeal. M & M did not exercise its rights under OCGA § 5-6-42 to pay for and provide the transcript for purposes of the appeal. This court will not consider unsupported factual assertions made in briefs. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 171 (2) (390 SE2d 257) (1990).

## Case No. A90A1605

1. We consider first Watkins' appeal from the *Yost* verdict.[2] The

---

[1] No transcript was filed and the record does not affirmatively reveal that Watkins is an attorney. Assuming that he was, there is no indication that he ever appeared in the proceedings representing Burney.

[2] Watkins' OCGA § 9-15-14 fees and expenses will be addressed with those of the other

judgment must be reversed on at least two bases.

(a) First, in response to the "third party claim," Watkins filed defenses based on lack of personal jurisdiction and improper venue.

Art. VI, Sec. II, Par. IV of the 1983 Georgia Constitution provides that "[s]uits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." The only basis upon which the Wilkinson County court could have acquired jurisdiction over Watkins was by his joinder with Burney as a joint tort-feasor.

"The only time the defense of lack of jurisdiction over the person of the nonresident [defendant] because of . . . nonresidency would be valid . . . is in the event of a judgment in favor of the resident joint defendant. . . . [Cit.]" *Lansky v. Goldstein*, 136 Ga. App. 607, 608 (2) (222 SE2d 62) (1975). *Crawford v. Randle*, 191 Ga. App. 112, 114 (1) (381 SE2d 77) (1989). Once the verdict was returned in favor of Burney, Wilkinson County's jurisdiction over Watkins ceased. *Smith v. United Ins. Co.*, 169 Ga. App. 751, 753 (2) (315 SE2d 265) (1984).

The remaining option, the Uniform Transfer Rules, 251 Ga. 893 et seq., was not exercised. *Crawford*, supra at 116 (2). Therefore, the *Yost* judgment was void as to Watkins for lack of personal jurisdiction.

(b) Secondly, in defining the new tort, *Yost* made it available only against "parties" to the underlying litigation. *Yost*, supra at 96 (13);[3] see *Vogtle v. Coleman*, 259 Ga. 115, 119 (3) (376 SE2d 861) (1989).

The Civil Practice Act provides only for the following pleadings: complaint, answer, counterclaim, third-party complaint and third-party answer. OCGA § 9-11-7. Third-party practice allows a defendant or a plaintiff/defendant in counterclaim to bring in as a party one "who is or may be liable to him for all or part of the . . . claim against him." OCGA § 9-11-14.

Here, Watkins was not a defendant or plaintiff and there is no indication in the third-party complaint as to any basis for believing Watkins could in any way be responsible to M & M for damages it might owe Burney. Third-party practice may not be used by a defendant such as M & M to impose direct liability upon the third-party defendant instead of secondary liability as required by the statute. *McCormick v. Rissanen*, 177 Ga. App. 623 (340 SE2d 268) (1986).

Therefore, there was no *Yost* claim available to M & M against Watkins.

---

attorneys.

[3] After April 3, 1989, under OCGA § 51-7-80 et seq., the statutory abusive litigation claim, claims are not limited to "parties," but may be made against any person who actively initiates, continues, or procures abusive proceedings.

*Case No. A90A1606*

2. In this appeal, Nix, former attorney of record for Burney and Watkins' attorney during the *Yost* claim trial, seeks to appeal the judgment entered in the *Yost* trial. That judgment, however, does not name Nix as a party. Nix, not being aggrieved by that judgment, has no right to except thereto. *Cooper Motor Lines v. B. C. Truck Lines,* 215 Ga. 195 (1) (109 SE2d 689) (1959). Therefore, this appeal is dismissed.

*Case Nos. A90A1605, A90A1607 & A90A1681*

3. These three appeals by Watkins, Cowart and Nix are from the order imposing OCGA § 9-15-14 attorney fees and expenses upon them.

(a) As to Watkins, since he was not a party to the underlying claim nor was he an attorney for a party, the court had no authority under that section to impose these fees and expenses on him. Therefore, the order imposing these upon him is reversed.

(b) Burney's complaint was filed on January 26, 1987, and the only attorney's name on it was Warren's. After the *Yost* counterclaim was filed in February, Nix appeared as counsel on Burney's Answer to the Counterclaim. Nix withdrew from the case on March 8, 1988, after which Evans took on her representation. With the exception of his withdrawal from the case on June 10, 1987, Cowart's name does not appear in the record.

The premise of M & M's § 9-15-14 motion and the order granting it was that the claim asserted on behalf of Burney lacked substantial justification and was one with respect to which there existed such a complete absence of law and fact that it could not be reasonably believed a court would accept it. It was not based upon Nix's representation of Watkins on the *Yost* claim.

The jury in the *Yost* trial, by returning a verdict for Burney, later reduced to judgment, rejected this contention with regard to her underlying claim. This determination thereafter bound the parties and their privies. OCGA §§ 9-12-40; 9-12-42; *Roberts v. Porter, Davis &c.,* 193 Ga. App. 898, 900 (1) (389 SE2d 361) (1989).

Also, the court's denial of M & M's summary judgment motion premised on the statute of limitation defense precludes the conclusion that the position taken by Burney under the discovery rule lacked merit. *Colquitt v. Network Rental,* 195 Ga. App. 244, 246 (2 b) (393 SE2d 28) (1990); *Bouchard v. Fowler,* 193 Ga. App. 697, 698 (388 SE2d 874) (1989); *Biosphere Indus. v. Oxford Chemicals,* 190 Ga. App. 613, 614 (379 SE2d 555) (1989).

Therefore, the imposition of attorney fees and costs upon Nix

and Cowart was improper and that order is vacated. *Coker v. Mosley*, 259 Ga. 781, 782 (2 c) (387 SE2d 135) (1990).

### Case No. A90A1680

4. Finally, M & M appeals the trial court's denial of its motion for new trial on the general grounds. The denial was based on the court's erroneous conclusion that it could not consider the motion because it was filed after the notices of appeal. *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984). This case is remanded for hearing on that motion.

*Appeal dismissed in Case No. A90A1606; judgments reversed in Case Nos. A90A1605, A90A1607, and A90A1681; judgment reversed and case remanded in Case No. A90A1680. Pope and Beasley, JJ., concur.*

DECIDED FEBRUARY 28, 1991 —
REHEARING DENIED MARCH 14, 1991.

*Franklin R. Nix*, for Watkins and Nix.
*Dickens & Associates, G. L. Dickens, Jr.*, for M & M Clays.
*Roosevelt Warren, W. Allen Evans*, for Burney.
*Edwin S. Varner*, for Cowart.