A93A1324. GRIFFIN et al. v. LOPER.
(433 SE2d 653)

BIRDSONG, Presiding Judge.

Appellants/plaintiffs, David A. Griffin and Carolyn Griffin, appeal from the judgment entered on July 22, 1992, in behalf of appellee/defendant. The notice of appeal was filed August 20, 1992, while a motion for new trial, filed in the lower court on August 19, 1992, was pending. On October 12, 1992, the lower court entered an order vacating the motion for new trial on the grounds that as the notice of appeal had been filed it was without jurisdiction to rule on the motion. *Held*:

" ' "A notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal." ' " *Booker v. Amdur*, 186 Ga. App. 276 (367 SE2d 94); accord *Auld v. Weaver*, 196 Ga. App. 782

(397 SE2d 51). It matters not whether the motion for new trial was filed by appellant or another. *Booker*, supra. *Rich v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 663 (1) (337 SE2d 370), where motion for new trial was filed subsequent to the notice of appeal, is distinguishable.

Moreover, even though a notice of appeal may divest the trial court of jurisdiction, such divestiture does not become effective during the period in which a motion for new trial may be filed. If a motion for new trial is timely filed as provided in OCGA § 5-5-40, the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired. Furthermore, the trial court may, on its own motion, grant a new trial as provided in OCGA § 5-5-40 (h) within the time in which a motion for new trial may be filed "even though a notice of appeal has been filed." *Housing Auth. &c. v. Geter*, 252 Ga. 196, 197 (312 SE2d 309); compare *Sharif v. Tidwell Homes*, 252 Ga. 205 (312 SE2d 114).

In civil cases, this type of premature direct appeal is not brought to maturity; neither it nor the original notice of appeal is otherwise perfected by the subsequent overruling, dismissal or vacation of the motion for new trial. *Auld*, supra. Rather, where a notice of appeal is filed while a previous new trial motion is pending, the subsequent withdrawal, dismissal or vacation of the motion for new trial by the party who filed it is considered a disposition of the motion pursuant to OCGA § 5-6-38 (a), so as to commence the running of the 30-day period for the proper filing of an appeal. *Booker*, supra.

As a notice of appeal has not been filed within 30 days of the final disposition by vacation of the new trial motion, OCGA § 5-6-38 (a), the appeal must be dismissed. *Auld*, supra; *Booker*, supra.

*Appeal dismissed. Pope, C. J., and Andrews, J., concur.*

ON MOTION FOR RECONSIDERATION.

Appellant filed a motion for reconsideration asserting that the motion for new trial in this case was filed subsequent to the notice of appeal. However, appellant has not initiated any request to supplement or correct the record to establish the claimed filing sequence. See generally OCGA §§ 5-6-41; 5-6-48. A record cannot be supplemented or modified by means of a motion for reconsideration or an attachment thereto. *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 351 (411 SE2d 75).

Re-examination of the record establishes: (a) Notice of new trial was filed at 4:48 p.m., August 20, 1992. (b) Appellants made an admission in judicio in their notice of appeal that the motion for new trial in fact was filed on August 19, 1992. (c) The motion for new trial does not contain a filing stamp and was signed and served by mailing

on counsel on August 19, 1992. (d) The motion for new trial was, at some unidentified point in time, attached to the rule nisi; the rule nisi bears a legible filing stamp with the date/time of "1992 AUG 20 PM 4: 5" — which on its face shows it was filed at five minutes after 4 p.m.; however, because no "0" appears in the space in front of the "5," it is not beyond the realm of possibility that the filing stamp may be incomplete. (e) The rule nisi reflects on its face that a "show cause" hearing was ordered, "the attached motion for new trial having been read, considered, and *filed*" (emphasis supplied); thus, the rule nisi establishes that the trial judge already had read and considered a "filed" motion for new trial before the rule nisi was signed and filed, that is, the rule nisi establishes that the motion for new trial was filed before the rule nisi was filed. (f) On October 12, 1992, the trial court, noting that "because plaintiffs have filed a notice of appeal," concluded it was without jurisdiction to proceed with the motions for new trial and to set aside and vacate those motions.

The state of the record before us currently does not support appellant's claims as to filing sequence. Moreover, if the motion for new trial was filed within the statutory period for filing but after the filing of the notice of appeal, the trial court would not have been divested of jurisdiction to entertain the motion for new trial (see *Housing Auth. &c. v. Geter*, 252 Ga. 196, 197 (312 SE2d 309); *Watkins v. M & M Clays, Inc.*, 199 Ga. App. 54, 58 (4) (404 SE2d 141)).

As appellant failed to support his factual contentions of filing sequence, we deny his motion for reconsideration; however, as a necessary aid to our jurisdiction (Ga. Const. 1983, Art. VI, Sec. I, Par. IV) and, in the interest of controlling our judgments to make them conformable to justice (OCGA § 15-1-3), the judgment line in this case is hereby modified to "[a]ppeal dismissed without prejudice." Appellant may seize the opportunity to seek diligently correction or supplementation of the trial record. If the record can be corrected or supplemented to establish that filing of the notice of appeal was subsequent to filing the motion for new trial (in which event only appellant may then withdraw the admission in judicio that said motion for new trial was filed on August 19, 1992), appellant may, without undue delay, file a motion with the trial court to vacate its "Order on Plaintiff's Motion For New Trial and Motion to Set Aside." See generally *Housing Auth.*, supra; *Watkins*, supra. Within 30 days of any trial court approved correction or modification of the record to establish filing sequence as to the documents at issue, the trial court's disposition of any new motion to vacate its order, or any ruling by the trial court on the merits of the motion for new trial, whichever occurs last in time, appellant may re-initiate appeal of this case. Ga. Const. 1983, Art. VI, Sec. I, Par. IV.

*Motion for reconsideration denied; appeal dismissed without*

*prejudice.*

DECIDED JUNE 24, 1993 —
RECONSIDERATION DENIED JULY 14, 1993.

*Howard E. Alls,* for appellants.
*Beckmann & Pinson, Walter W. Ballew III,* for appellee.