A95A0924. TWITTY et al. v. AKERS.
(462 SE2d 418)

BEASLEY, Chief Judge.

Akers petitioned for guardianship over her 67-year-old husband in compliance with OCGA § 29-5-6 (a). Her husband's adult children filed a short "Objection to Guardianship Petition and Request for Guardianship," agreeing that a guardian was warranted but asking the probate court to appoint as guardian Valerie Peterson, one of the children. The probate court appointed Akers, and the children appealed to the superior court. That court granted Akers' motion to dismiss the appeal on the ground the children had no right to appeal under OCGA § 29-5-11 as neither they nor Peterson were "petitioners." The validity of the ruling is the issue on appeal.

Right to appeal from the probate court to the superior court in this case is governed by the specific statute, OCGA § 29-5-11, rather than the more general statute, OCGA § 5-3-2. See *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592-594 (2) (436 SE2d 219) (1993). As relevant here, OCGA § 29-5-11 (a) provides that "the ward, individually or by his attorney, his representatives, or his guardian ad litem, or the petitioner may appeal from any final order of the probate court." A guardian ad litem was appointed for the ward, but neither he nor the ward sought an appeal.

The children first contend Akers was barred from raising any objection to Peterson's status as a "petitioner" in the superior court because no such objection was raised in the probate court. Appeal provides a de novo review. See OCGA §§ 29-5-11 (b); 5-3-29. In addition, the issue of whether Peterson was a "petitioner" did not arise in probate court; it concerns only the right to appeal the probate court's order and does not affect whether Peterson could be appointed guardian. See OCGA § 29-5-2 (a), (b), and (c). Akers did not, and could not, waive an argument that arose upon appeal.

As to whether Peterson can be considered a petitioner for the purposes of OCGA § 29-5-11, it is uncontested she did not prepare a petition that would satisfy the requirements of the probate code. A petition for guardianship must be made under oath, set forth certain information concerning the proposed guardian and ward, and usually must include an affidavit of a physician or psychologist that the proposed ward is incapacitated and the cause of such incapacity. OCGA § 29-5-6 (a). The "Objection to Guardianship Petition and Request for Guardianship" satisfied none of these requirements.

Nor does the fact that a correct petition had been filed convert Peterson's objection to that petition into an independent petition satisfying the requirements of OCGA § 29-5-6. The statute does require a petitioner to identify adult children of a prospective ward, who will receive notice of the petition if it goes forward. OCGA § 29-5-6 (a) (2) (F) and (b) (2) (C). This process allows them the opportunity to bring additional information to the attention of the court. Doing so, however, does not have the effect of making them parties to the petition, nor does contesting the petition satisfy the requirements for a petition as set forth in OCGA § 29-5-6.

The children also contend the probate court's order shows the court considered Peterson to be a petitioner by its statement that the court saw no reason "to deviate from the guardianship preference set forth in OCGA § 29-5-2." This passage does not indicate the probate court considered Peterson as a petitioner, and the order in fact refers to the children as "Respondents." Moreover, even if the probate court considered Peterson as a possible guardian, that does not convert her into a petitioner; a probate court is not restricted to appointing only those who have filed petitions. See OCGA § 29-5-2 (a). Nor does the fact that the court gave Peterson notice of proceedings render her a petitioner; notice is not given to relatives to confer separate rights upon them but to protect the interests of the ward and the State. See *Phillips v. Phillips*, 202 Ga. 776 (44 SE2d 767) (1947). Peterson could not be considered a petitioner without filing a petition. Compare *Kelley v. Kelley*, 129 Ga. App. 257 (199 SE2d 399) (1973).

The children also assert they should be considered representatives or "next friends" of the ward under OCGA § 29-5-11 (a).

They admit that none of them was appointed representative, see OCGA § 29-5-6 (a) (2) (G), or guardian ad litem, see OCGA § 29-5-6 (b) (2) (D), but they argue that they should be considered "next friends" because no better person exists to fill such a role.

There is no provision in OCGA § 29-5-11 (a) for an appeal by a "next friend," nor does the ward need someone to fill that role to protect his interests. The ward himself has a right to appeal and his guardian ad litem has an independent right to appeal if he believes the ward's interests have not been protected. The children may be interested persons whose input is relevant in the probate court, but they do not, despite their filial ties, represent interests identical to that of the ward. It is the ward's rights to review that are preserved by OCGA § 29-5-11 (a), not the rights of any and all objectors. The guardian ad litem's duty is to protect the ward's rights; the statute does not provide that objectors, even adult children, may step in for the guardian ad litem if they are dissatisfied with his decisions concerning the ward's interests.

Because Peterson and the other adult children did not file a petition for guardianship under OCGA § 29-5-6 (a) and do not hold any other status under OCGA § 29-5-11 (a), they had no right to appeal the probate court's decision. The superior court correctly dismissed the appeal. This circumstance does not eliminate the children's opportunity to monitor their father's care; in addition to the rights given them in the probate court's final order, they may seek modification or termination of the guardianship if circumstances ever warrant it. See OCGA § 29-5-9 (a).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 1995 —

*Robert P. McFarland*, for appellants.
*Boling, Rice, Bettis, Bottoms & Bagley, Jeffrey S. Bagley*, for appellee.