## A09A1318. IN RE FENNELL.
### (686 SE2d 467)

SMITH, Presiding Judge.

Melanie McCoy appeals from a probate court's order granting a petition filed by her brother for appointment of a conservator for their 84-year-old mother.[1] She also appeals the portion of the trial court's order requiring her to turn over a certificate of deposit to the conservator. For the reasons set forth below, we affirm in part and dismiss in part.

1. McCoy asserts the probate court erred by finding that her mother was in need of a conservator. She also argues in the alternative that even if appointment of a conservator was not error, the probate court erred by failing to appoint her as the conservator. Because only parties to a proceeding below may appeal from probate court,[2] OCGA § 15-9-123 (a), McCoy has no standing to appeal the portion of the probate court's order appointing a conservator. See *Lockey v. Bennett*, 244 Ga. 339, 340 (2) (260 SE2d 56) (1979) (grandparents did not have standing to appeal adoption of grandchild); *Twitty v. Akers*, 218 Ga. App. 467, 468 (462 SE2d 418) (1995) (children who did not petition for guardianship of father had no standing to appeal probate court's decision). We therefore dismiss this portion of her appeal.

2. McCoy also argues that the probate court erred by ordering her to turn over a certificate of deposit titled in her name to the conservator because the probate court lacked subject matter jurisdiction and failed to afford her with due process.[3] In a hearing held to determine whether a conservator should be appointed for her mother, McCoy readily admitted that the money in the certificate of deposit titled in her name actually belonged to her mother and that she had placed it in her name only to prevent her brother from gaining access to the money through her mother. After the hearing, the trial court issued a written order mandating that the certificate of deposit be turned over to the third-party conservator. Based on McCoy's admission that the funds in the certificate of deposit were not hers, we conclude that McCoy's subject matter jurisdiction and due process claims with regard to these funds fail. See *In re McCool*, 267 Ga. App. 445, 449 (600 SE2d 403) (2004) (probate court had

---

[1] The record before us contains no evidence that the court-appointed counsel for the mother sought to appeal the probate court's order to either superior court under OCGA § 29-5-110 (a) or this court under OCGA § 15-9-123 (a).

[2] While McCoy filed an answer on her mother's behalf, she did not seek to intervene as a party in the probate court action. See *Kipp v. Rawson*, 193 Ga. App. 532, 533-534 (1) (388 SE2d 409) (1989) (authorizing intervention by third party in a guardianship proceeding).

[3] McCoy claims that the order scheduling the hearing gave her no notice "that the CD would be under attack and subject to the Court's ruling."

jurisdiction to order bank account and annuity turned over to guardian even though not titled in ward's name because no issue that account and annuity actually belonged to ward). Cf. *Chester v. State of Ga.*, 168 Ga. App. 618, 619 (309 SE2d 897) (1983) (party in possession of money who denied ownership of money lacked standing to contest its forfeiture by State). We therefore affirm the portion of the trial court's order requiring McCoy to turn the certificate of deposit over to the conservator.

*Judgment affirmed in part and appeal dismissed in part. Phipps and Bernes, JJ., concur.*

### DECIDED NOVEMBER 10, 2009.

*Cauthorn, Nohr & O'Dell, Justin B. O'Dell, Leslie A. Dean*, for appellant.

*Marston C. Brown*, for appellee.