# Court of Appeals
# of the State of Georgia

ATLANTA,  December 08, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0399.  IN RE: ESTATE OF BETTE DWOSKIN KURTZMAN.**

Before this Court is the Fulton County Conservator's motion to dismiss the above-styled appeal.[1] For the reasons discussed below, the motion is hereby GRANTED and this appeal is DISMISSED.

This appeal arises out of a dispute over the appointment of a guardian and conservator for Bette Dwoskin Kurtzman (the "Ward"). On November 12, 2021, the Probate Court of Fulton County, through a hearing officer,[2] entered a final order finding that the Ward was an incapacitated adult suffering from dementia and appointing the Ward's daughter, Amy Kurtzman Jampol, as her guardian and Stephanie Graham, the Fulton County Conservator, as her conservator.

Pursuant to OCGA § 15-9-123 (a),[3] a timely notice of appeal from the probate

---

[1] No response was filed to the motion to dismiss.

[2] See OCGA §§ 29-4-12 (d) (7) (appointment of hearing officer for guardianship proceedings); 29-5-12 (d) (7) (appointment of hearing officer for conservatorship proceedings).

[3] OCGA § 15-9-123 (a) provides:
> Either party to a civil case in the probate court shall have the right of appeal to the Supreme Court or the Court of Appeals from any decision made by the probate court, except an order appointing a temporary administrator or an order appointing an emergency guardian or emergency conservator, as provided by Chapter 6 of Title 5.

court's final order was filed by the Ward, and the appeal was docketed in this Court on September 28, 2022. The Appellant's brief, including enumerations of error, was due to be filed within 20 days of docketing. See Court of Appeals Rule 23 (a). An extension of time to file a brief thereafter was granted until October 25, 2022. However, as of the date of this order, no brief has been filed on behalf of the Appellant Ward, and no further extension of time to file a brief has been requested.

We note that on October 25, 2022, a brief was filed by Alicia Marin Mitchell in which Mitchell identified herself as the "Appellant" and challenged the probate court's final order appointing Jampol as guardian and Graham as conservator for the Ward. But Mitchell was not a party to the probate court proceedings and was not aggrieved by the final order; rather, she represented a party in the court below, namely the Ward. "Because only parties to a proceeding below may appeal from probate court, OCGA § 15-9-123 (a), [Mitchell] has no standing to appeal the portion of the probate court's order appointing a conservator [or guardian]." (Footnote omitted.) *In re Fennell*, 300 Ga. App. 878, 878 (1) (686 SE2d 467) (2009) (daughter who did not petition for conservatorship of her mother or seek to intervene in the probate proceedings lacked standing to appeal the portion of the probate court's order appointing a conservator for the mother). See *Clayton County Civil Svc. Bd. v. Hill*, 355 Ga. App. 348, 351 (844 SE2d 220) (2020) ("[A] party not aggrieved by a decision has no standing to appeal. A party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest.") (citations and punctuation omitted); *Watkins v. M & M Clays*, 199 Ga. App. 54, 57 (2) (404 SE2d 141) (1991) (concluding that attorney who represented parties in the trial court lacked standing to appeal from the trial court's judgment, where the judgment did not name the attorney as a party and the attorney was not personally aggrieved by that judgment).

Accordingly, because no brief was filed in this Court on behalf of the Appellant Ward, and because Mitchell lacks standing to appeal the probate court's final order, this appeal is DISMISSED. See Court of Appeals Rule 23 (a); *Clayton County Civil*

2

*Svc. Bd.*, 355 Ga. App. at 351; *In re Fennell*, 300 Ga. App. at 878 (1); *Watkins*, 199 Ga. App. at 57 (2).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___12/08/2022___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*