# Court of Appeals
# of the State of Georgia

ATLANTA,  April 25, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0301. LAWYER HENDERSON v. BACONSFIELD II ASSOCIATES.**

Baconsfield II Associates filed a dispossessory action against Lawyer Henderson that was tried by a jury in state court. The jury rendered a verdict in favor of Baconsfield, awarding $5,907.50 in past due rent and fees, and possession of the property at issue. On March 15, 2024, the trial court entered a final judgment and writ of possession reflecting the jury's verdict.[1] Henderson filed a motion for new trial on March 20, 2024. On April 1, 2024, Henderson, proceeding pro se, filed this application for discretionary review of the March 15 judgment and writ of possession. We, however, lack jurisdiction.

Based on the limited application materials, it appears that this civil action remains pending in the trial court. As a result, Henderson was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the orders at issue here. See OCGA § 5-6-34 (b); *Griffin v. Loper*, 209 Ga. App. 504, 504 (433 SE2d 653) (1993) (an appeal that is "filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal.") (citation and punctuation omitted).

Pretermitting whether the trial court's orders otherwise would be subject to the discretionary appeal statute, see OCGA § 5-6-35, Henderson's failure to comply with

---

[1] The application materials also include a writ of possession instanter entered on March 28 after Henderson sought to appeal the judgment without paying funds into the court's registry as directed.

the interlocutory appeal requirements deprives us of jurisdiction over this application, which is hereby DISMISSED.[2] See *Griffin*, 209 Ga. App. at 504.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*___04/25/2024_____

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

---

[2] In its response, Baconfield requests that this Court impose a frivolous appeal penalty on Henderson. This request is not properly before the Court. See Court of Appeals Rule 41 (b); *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).