**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 19, 2024**

# In the Court of Appeals of Georgia

A24A0737. MABVURUNGE v. KATSANDE.

PIPKIN, Judge.

In March 2022, Felicitas Katsande, the maternal grandmother of minor children C. T. M., C. A. M., and I. H. M., petitioned for letters of conservatorship of her three grandchildren after the death of their mother.[1] Calvin Mabvurunge, the mother's ex-husband and the children's biological father, filed an objection to the petition. After a hearing, the probate court determined that it was in the best interest of the children to appoint a third party as the minors' conservator. Mabvurunge appealed this decision to the superior court, and the court determined that Mabvurunge did not

---

[1] Initially, the petition was filed in Cherokee County but it was later transferred to Barrow County. It is undisputed that the children are the sole heirs of their mother's estate, which includes survivor benefits and real property interests in Texas and Zimbabwe.

have standing to appeal the probate court's order pursuant to OCGA § 15-9-123 (a) because he was not a "party" to the probate court proceeding. OCGA § 15-9-123 (a) states, in pertinent part, that "[e]ither party to a civil case in the probate court[2] shall have the right of appeal to the Supreme Court or the Court of Appeals from any decision made by the probate court." Id. Mabvurunge appeals, arguing he does have standing to appeal the probate court's order. We need not squarely address the issue of standing, however, because the superior court's reliance on OCGA § 15-9-123 was misplaced. Indeed, the plain language of OCGA § 15-9-123 applies to a party's right to directly appeal a probate court's order to this Court or the Georgia Supreme Court. Here, Mabvurunge filed an appeal from the probate court order to the superior court and not a direct appeal to this Court. Accordingly OCGA § 15-9-123 did not control the issue of standing in the superior court.

Still, Katsande argues that we should affirm the decision of the superior court based on our decision in *Twitty v. Akers*, 218 Ga. App. 467 (462 SE2d 418) (1995).

---

[2] The term "probate court" refers to the probate court in counties populated by more than 90,000 people according to the census. See OCGA § 15-9-120 (2). If the Barrow County Probate Court did meet this definition, then the superior court should have transferred the case to this Court for a direct appeal rather than rendering a decision in the case. See *Pineda v. Lewis*, 369 Ga. App. 346, 347 (893 SE2d 512) (2023).

However, the *Twitty* case concerned the conservatorship of an *adult*, see OCGA § 29-5-1 et seq., and whether someone not a party to those probate court proceedings could file an appeal under former OCGA § 29-5-11 (the predecessor statute to OCGA § 29-5-110), which provided a specific appellate procedure separate and apart from the more general appellate scheme laid out in OCGA § 5-3-1 et seq. See *Twitty*, 218 Ga. App. at 467 ("[The r]ight to appeal from the probate court to the superior court in this case is governed by the specific statute, OCGA § 29–5–11, rather than the more general statute, OCGA § 5–3–2."). Because this case does not involve an appeal from the appointment of a conservator over an adult, *Twitty* does not apply.

Moreover, unlike the statutory provisions regarding the appointment of a conservator of an adult, the statutory provisions governing the appointment of a conservator of a minor do not include a separate statute controlling a person's right to appeal a probate court's order to the superior court. See OCGA § 29-3-1 et seq. Based on the foregoing, the more general appellate procedures of OCGA § 5-3-1 et seq. apply to Mabvurunge's appeal of the probate court's order to the superior court. This is not to say that Mabvurunge has standing to appeal the probate court's order or that the superior court has jurisdiction to hear the same; instead, we simply hold

that OCGA § 15-9-123 does not control the question as to whether Magvurunge has standing to appeal the probate court's decision to the superior court. Consequently, we vacate the superior court's order and remand for the court to review Mabvurunge's appeal under the relevant statutory scheme and case law.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Gobeil, J., concur.*