# Court of Appeals
# of the State of Georgia

ATLANTA, _September 22, 2025_

*The Court of Appeals hereby passes the following order:*

## A25A1249. TOWNSEND v. HOOPER.

Travis Tyrone Townsend ("the father") and Kristin Hooper ("the mother") are the parents of one minor child born in 2013. A 2015 action resulted in the child being legitimated by the father, and the parties have engaged in protracted litigation ever since. Pertinent here, the parties filed several claims and counterclaims concerning custody, child support, and related issues, and the superior court simultaneously entered several orders addressing those filings after a bench trial. The mother filed a timely motion for new trial, and the father filed a timely notice of appeal the next day. Six months later, the trial court entered an order stating that it could not rule on the mother's motion for new trial until this Court reached a decision on the father's appeal. The father's direct appeal was then docketed as the current case. We, however, lack jurisdiction.

All judgments or orders in child custody cases awarding, refusing to change, or modifying child custody are directly appealable, even if interlocutory. See OCGA § 5-6-34 (a) (11); *Lacy v. Lacy*, 320 Ga. App. 739, 742 (3) (740 SE2d 695) (2013). But in a civil case, "[a] notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal." *Griffin v. Loper*, 209 Ga. App. 504, 504 (433 SE2d 653) (1993) (citation and punctuation omitted). Although the trial court entered an order stating that it could not rule on the motion for new trial, there is nothing in that order (or otherwise in the record) suggesting that the trial court has disposed of the motion for new trial. And in any event, even if we were to construe the trial court's order on the motion for new trial as a final order, it does not cure the jurisdictional issue here because, "[a]s to civil appeals, the appeal is not brought to maturity or perfected by the subsequent overruling of the motion for new trial." *Auld v. Weaver*, 196 Ga. App. 782, 783 (397 SE2d 51) (1990) (citation and punctuation omitted).

Accordingly, the father was required to follow the interlocutory appeal

procedures — including obtaining a certificate of immediate review — to appeal from the trial court's orders. See OCGA § 5-6-34 (b); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (holding that the failure to follow the interlocutory appeal procedure deprives this Court of jurisdiction). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___09/22/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.