57944. ALLEN et al. v. NORRIS et al.

SHULMAN, Judge.

This is the second appearance of this case involving a taxpayer's petition under Code Ann. § 92-6909, to remove certain members of the Columbia County Board of Tax Assessors (defendants) from office. In the first appeal, the case was remanded with the instruction that the trial court consider whether the alleged failure of defendants to complete revision and assessment of taxpayers' returns within the time period set forth in Code Ann. § 92-6917 justified their removal from office. See *Allen v. Norris,* 148 Ga. App. 261 (3) (251 SE2d 145). On remand, the court held that removal would not be "right and proper" and, accordingly, ruled in favor of defendants. We affirm.

In a single enumeration, appellants urge that

uncontradicted evidence of the defendants' failure to perform their duties in accordance with the deadline imposed by Code Ann. § 92-6917 demanded a judgment ordering the defendants' removal from office. We cannot agree.

The plain wording of § 92-6909 militates against appellants' contention that the breach of a duty imposed by law, ipso facto, mandates removal from office. Code Ann. § 92-6909 provides that "the judge shall hear and determine the matter without the intervention of a jury and shall *render such judgment and order as may be right and proper,* either dismissing the petition [of the freeholders] or removing the offending member or members . . . from office . . ." (Emphasis supplied.) Clearly, then, it is within the court's discretion to remove the members from office upon a showing of cause. Compare *Wallace v. State,* 160 Ga. 570 (5) (128 SE 759).

Appellees presented evidence establishing the magnitude of their task; their diligent efforts to complete their work on time; and the timely mailing of the tax bills to the public (in spite of the six-day delay in getting the digest to the tax commissioner).

Thus, in view of the evidence presented at trial and in view of the court's finding that the rights and interests of the public were not adversely affected by virtue of the defendants' breach of duty, we find no abuse of discretion in the court's judgment that appellees' breach of Code Ann. § 92-6917 did not warrant their removal from office.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 29, 1979 — DECIDED
SEPTEMBER 12, 1979.

*William A. Trotter, III,* for appellants.
*A. Rowland Dye,* for appellees.