A90A2264. THOMPSON et al. v. QUEEN et al.

(402 SE2d 361)

BANKE, Presiding Judge.

Acting as "freeholders" of Walton County, Georgia, the appellants filed a petition in superior court pursuant to OCGA § 48-5-296, seeking to remove from office the entire membership of the Walton County Board of Tax Assessors on the following asserted grounds: "(a) Failure to properly and impartially discharge their duties by improperly delegating their statutory duties and by adopting assessments which are not uniformly, equally, and equitably assessed as to the parties of like kind and character as required by OCGA § 48-5-311 (d) (2); (b) failure to assess properties based upon their fair market value as defined in OCGA § 48-5-2; and (c) failure to properly base valuations upon the existing zoning of the property, existing use of same, and deed restrictions impacting uses of the property." The appellants additionally alleged that "[t]he ad valorem tax reassessments recently issued for tax year 1989, as established by the Walton County Board of Tax Assessors, are contrary to law and result in discrimination in favor of certain citizens or classes of citizens and against others by virtue of arbitrary and capricious actions taken by the board of tax assessors."

Following an evidentiary hearing, the superior court denied the petition, concluding that the appellee board members were qualified, that they had acted in a proper, reasonable, and impartial fashion in preparing the 1989 tax digest, and that they "did not discriminate in favor of certain citizens or classes of citizens and against others." While the court determined that "no written formula or criteria relative to mass re-evaluation procedure was promulgated by the [board]," it further determined that "the board members were able to articulate a procedure that was followed which substantially complies with the law pertaining to mass re-evaluation" and that they had "substantially complied with statutory requirements as to what elements should be considered in mass re-evaluation. . . ." This appeal followed. *Held*:

OCGA § 48-5-296 provides, in pertinent part, as follows: "Whenever by petition to the judge of the superior court any 100 or more freeholders of the county allege that any member of the county board of tax assessors is disqualified or is not properly and impartially discharging his duties or is discriminating in favor of certain citizens or classes of citizens and against others, . . . the judge shall hear and determine the matter without a jury and shall render such judgment and order as may be right and proper, either dismissing the petition or removing the offending member of the board of tax assessors from office and declaring a vacancy in the office." It has been held that under the plain wording of the statute, "the breach of a duty imposed

by law [does not], ipso facto, mandate[] removal from office," but that it is "within the court's discretion to remove the members from office upon a showing of cause." *Allen v. Norris*, 151 Ga. App. 305, 306 (259 SE2d 701) (1979).

The trial court determined in the present case that "there was no set, established formula for classifying land and that the [board] had promulgated no written definitive method to be followed by the appraisers in undertaking county wide mass re-evaluation," and the court further noted that "there was testimony as to discrimination in appraising specific parcels of land belonging to" three of the appellant landowners. However, the court concluded that the board had "substantially complied with statutory requirements as to what elements should be considered in mass re-evaluation," that there had been no discrimination "in favor of certain citizens or classes of citizens and against others," and that "where discrepancies [were] apparent, the property owners [had] a remedy by appealing to the board of tax equalizers." We hold that the trial court did not abuse its discretion in determining that removal of the board members was not warranted under these circumstances. Accord *Allen v. Norris*, supra. The cases relied upon by the appellants do not constitute authority for a contrary conclusion in that they involved appeals by individual landowners challenging their property tax assessments rather than actions seeking the removal of the tax assessors from office. See *Dotson v. Henry County Bd. of Tax Assessors*, 155 Ga. App. 557 (271 SE2d 691) (1980); *Sibley v. Cobb County Bd. of Tax Assessors*, 171 Ga. App. 65 (318 SE2d 643) (1984).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 19, 1991.

*Lipscomb, Johnson & Ashway, R. Timothy Hamil*, for appellants.

*Hulsey, Oliver & Mahar, Julius M. Hulsey*, for appellees.