A92A2190. DEKALB COUNTY BOARD OF TAX ASSESSORS
v. LANIER WORLDWIDE, INC.
(430 SE2d 595)

POPE, Chief Judge.

This is an appeal by the DeKalb County Board of Tax Assessors ("BTA") from the trial court's denial of its motion for new trial.

The headquarters of Lanier Worldwide, Inc. ("Lanier") and a large regional warehouse are located in DeKalb County. For many years Lanier applied for and received a freeport exemption from taxation on its inventory located in DeKalb County. In 1991, Lanier's freeport exemption was denied because the application was deemed untimely by the BTA. Although the envelope in which it was mailed contained a meter strike dated April 1, 1991, the postmark date on the envelope was April 5, 1991.

Prior to 1991, Lanier had timely submitted its taxes and applications for freeport exemptions. In 1991, Lanier's application for the freeport exemption was prepared by Corporate Tax Consultants ("CTC"). The CTC employee who prepared the application testified she mailed it by depositing the envelope containing the application in a United States post office on April 1, 1991.

1. The statute authorizing a freehold exemption in Georgia, OCGA § 48-5-48.1, provides in pertinent part: "Any person, firm, or

corporation seeking an exemption from ad valorem taxation of certain tangible personal property inventory when such exemption has been authorized by the governing authority of any county or municipality after approval of the electors of such county or municipality pursuant to the authority of the Constitution of Georgia or Code Section 48-5-48.2 [Freeport Exemption] shall file a written application and schedule of property with the county board of tax assessors on forms furnished by such board. Such application shall be *filed in the year in which exemption from taxation is sought no later than the date on which the tax receiver or tax commissioner of the county in which the property is located closes his books for the return of taxes.*" (Emphasis supplied.) OCGA § 48-5-48.1 (a). That statute further provides: "*The failure to file properly the application and schedule shall constitute a waiver of the exemption* on the part of the person, firm, or corporation failing to make the application for such exemption for that year." (Emphasis supplied.) OCGA § 48-5-48.1 (c).

Thus, the term "filed" is not defined in that statute nor is the term defined in the chapter of the Code concerning ad valorem taxation of property. The two employees of the BTA who testified at trial stated that the BTA decides whether an application for a freeport exemption is timely filed by applying its internal policy, which requires the application must either be received on or before April 1 (the date on which the books are "closed" in DeKalb County) or the envelope in which the application is mailed must be postmarked by a United States post office with a date on or before April 1.[1] This internal policy is mentioned in the documentation mailed to taxpayers in a paragraph in the instruction sheet for filing returns for personal property and for freeport exemption. That paragraph provides: "Last day for filing without 10% penalty is April 1. The penalty will apply on any returns received or postmarked after April 1. Where metered mail is counter stamped by the Post Office, then the Post Office date is the only acceptable date. CAUTION! Check with the Post Office to be sure that the date of deposit and the postmark date are the same if mailing is close to the deadline. Freeport exemption must be applied for no later than April 1. Application for freeport exemption after April 1 will not be accepted. There is no legal basis for granting an extension of time or waiving the penalty. Please do not ask for either."

Lanier presented no evidence that it complied with the internal policy established by the BTA to determine when applications for

---

[1] The BTA's internal policy is consistent with how the term "filed" is defined by many jurisdictions in a taxation context. See, e.g., 26 USC § 7502 (a) (1); Fla. Stat. § 199.042 (1991); N. J. Stat. § 52:13D-22.2 (1992); ORC Ann. § 5703.053 (1992); and S. C. Code Ann. § 12-36-2570 (1991).

freeport exemptions are timely filed. Although the CTC employee who mailed the application testified she deposited the application at a United States post office on April 1, 1991, she did not check with post office personnel to ensure the postmark date would be the same as the date of mailing as the application instructions caution.

The only other evidence Lanier presented at trial to support its position that its application for the freeport exemption was timely filed was the testimony of the deputy chief appraiser who testified that on one occasion the BTA made an "exception" to its filing deadline policy when the taxpayer presented evidence that the United States post office postmark on the envelope containing the tax document was erroneous by presenting the taxpayer's copy of the post office receipt verifying the tax document had been sent by either registered or certified mail on the postmark date, which was earlier than the postmark date on the envelope of the tax document and was within the time allowed for filing under the BTA's internal policy. The appraiser did not remember if an application for a freeport exemption was filed by that taxpayer. Unlike the taxpayer who was able to prove his return was timely filed to the BTA's satisfaction, Lanier presented no evidence from the postal service showing that its application for a freeport exemption was mailed on or before April 1, 1991; only the testimony of the CTC employee who mailed the return that she deposited the application on the due date. As the BTA requires evidence of a United States post office postmark date to prove an application for freeport exemption was mailed timely, the evidence presented by Lanier was insufficient to show compliance with the BTA's internal policy. Accordingly, the trial court erred in denying the BTA's motion for new trial.

2. The BTA also contends the trial court committed reversible error by failing to give the following charge: "One who selects the United States mail as its agency to transmit communications takes all the risks that are usually incident to the business in which those messengers are engaged." "A requested charge need be given only when it embraces a correct and complete principle of law and is pertinent and adjusted to the facts of the case. [Cit.]" *Sapp v. Johnson*, 184 Ga. App. 603, 605 (362 SE2d 82) (1987).

We hold the trial court erred by refusing to give that charge under the facts of this case because the instruction sheet for the application for freeport exemption makes it clear that the taxpayer bears the responsibility for ensuring that the postmark date is the same as the mailing date. Accordingly, the charge was not irrelevant to this case as the trial court found; instead it was adjusted to the facts of this case and contained a correct proposition of law.

*Judgment reversed. Johnson, J., and Justice George H. Carley, concur.*

DECIDED APRIL 2, 1993.

*Lisa F. Stuckey, Albert S. Johnson*, for appellant.
*King & Spalding, Steven J. Estep, Nolan C. Leake*, for appellee.