A93A1659. ALLSTATE INSURANCE COMPANY v. REYNOLDS.
(436 SE2d 56)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to consider the trial court's award of attorney fees under OCGA § 9-15-14 against Allstate Insurance Company in a tort action brought by Emma L. Reynolds against two of Allstate's insureds. Allstate, however, was not a party to the action.

The trial court found that Allstate refused to increase its offer to settle for $8,000 or to approve settlement offers for $11,000, which were made prior to and during trial and were within the policy limits, even though the defendant/driver had pled guilty to failing to yield the right-of-way in the criminal charges arising from the accident and the other defendant/insured admitted he had testified falsely in the trial. After the jury returned a verdict for $15,000, a sum within the policy limits, the trial court entered judgment in that amount and granted Reynolds' motion for the award of attorney fees of $5,000 under OCGA § 9-15-14 against Allstate because the court found liability was clear, there was no genuine or justiciable issue regarding the damages Reynolds had suffered, Allstate substantially controlled the litigation and refused to approve the settlement, the defendants continued to defend the case without substantial justification, and imposed defenses for purposes of delay or harassment. Nevertheless, the trial court refused Reynolds' request to hold the defendants or their attorney liable for the attorney fees or litigation costs.

Allstate contends that OCGA § 9-15-14 does not authorize the award against non-parties. *Held*:

In OCGA § 9-15-14 the legislature specifically authorized award of litigation costs and attorney fees against *parties* and *parties' attorneys*, and no others. See OCGA § 9-15-14 (a), (b), and (c). We must

interpret the section according to the natural and most obvious import of its language without resorting to subtle and forced construction for the purpose of either limiting or extending its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (391 SE2d 5). Therefore, we are not authorized to increase the scope of the section to non-parties, and we have so held previously. *Steven E. Marshall, Builder v. Scherer*, 206 Ga. App. 156 (424 SE2d 841); *Watkins v. M & M Clays, Inc.*, 199 Ga. App. 54, 57 (404 SE2d 141).

If the provisions of OCGA § 9-15-14 are to be extended to non-parties, the legislature must do it, not this court. Therefore, as Allstate was not a party to the action, the trial court erred by ordering Allstate to pay attorney fees.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Walker, Hulbert, Gray & Byrd, Michael G. Gray*, for appellant.
*Mathis, Jordan & Adams, Charles A. Mathis, Jr., Shelley S. Howard*, for appellee.