A94A2727. COMMITTEE FOR BETTER GOVERNMENT
v. BLACK et al.
(453 SE2d 772)

BEASLEY, Chief Judge.
A proceeding was instituted under OCGA § 48-5-296 to remove from office the chairman and certain members of the Cherokee County Board of Tax Assessors.

1. OCGA § 48-5-296 provides that "[w]henever by petition to the judge of the superior court any 100 or more freeholders of the county allege that any member of the county board of tax assessors is disqualified or is not properly and impartially discharging his duties or is discriminating in favor of certain citizens or classes of citizens and against others, the judge shall cite the member to appear before him. . . ." Pursuant to this Code section, the judge then "shall hear and determine the matter without a jury and shall render such judgment and order as may be right and proper, either dismissing the petition or removing the offending member . . . from office and declaring a vacancy in the office."

The initial question is whether this suit must be dismissed, despite the absence of a motion to dismiss, in that it is not being prosecuted in the name of a legal entity and is therefore null and void. See *Embassy Row Assoc. v. Rawlins*, 162 Ga. App. 669 (292 SE2d 541) (1982); *Cook v. Computer Listings*, 137 Ga. App. 526, 527 (224 SE2d 501) (1976); *Orange County Trust Co. v. Estate of Abe Takowsky*, 119 Ga. App. 366, 367 (3, 4) (166 SE2d 913) (1969).

OCGA § 48-5-296 authorizes 100 or more freeholders of the county to petition the superior court judge for the removals sought here. Although the Committee for Better Government, which is not a legal entity, is designated as the plaintiff in the style of the complaint, over 100 freeholders are stated as the plaintiffs in the body, and the petitions of the freeholders were presented to the court through the complaint as exhibits. Each petition alleges that the named board

members, without lawful authority, granted inventory freeport exemptions to select business taxpayers after the mandatory deadline and thereby caused the county to lose tax revenue. In each petition, the petitioner authorized the Committee to present the petition on his or her behalf to the superior court.

This method of presentation meets the pleading and procedural requirements of the statute, which implicitly contemplated the formation of a like-minded group of freeholders who act in concert to obtain the remedy provided. Otherwise, there would be no orderly process for the redress the law provides. The requisite number of individuals who had the capacity to sue constituted the plaintiffs, who in pursuing their common interest are known by their committee name. Because of their number and their freeholder status, they qualified to invoke the statutory cause of action.

The proper style of the case would be the names of the petitioner freeholders. See, e.g., *Thompson v. Queen*, 198 Ga. App. 627 (402 SE2d 361) (1991); *Allen v. Norris*, 151 Ga. App. 305 (259 SE2d 701) (1979). Nevertheless, their composite designation is not fatal because substance prevails over form. *Bytell v. Paul*, 173 Ga. App. 83, 84 (325 SE2d 451) (1984). In these circumstances, the suit is not subject to dismissal. Cf. *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983).

2. Plaintiffs contend that the court erred in not removing defendants from office because of their unauthorized and discriminatory action in allowing untimely applications for freeport exemptions in 1993.

OCGA § 48-5-48.2 authorizes the governing authority of any county or municipality to enact the freeport exemption, subject to the approval of the electors. Cherokee County electors gave such approval in 1978. OCGA § 48-5-48.1 (a) states that when any person, firm, or corporation seeks a freeport exemption, the application "shall be filed in the year in which exemption from taxation is sought no later than the date on which the tax receiver or tax commissioner of the county in which the property is located closes his books for the return of taxes." OCGA § 48-5-48.1 (c) states that the failure to "properly" file the application "shall constitute a waiver of the exemption on the part of the person, firm, or corporation failing to make the application for such exemption for that year." There is no express authority to grant an extension of time or to ignore the statutory waiver of exemption for failing to make a timely application.

The evidence introduced at the hearing below showed that the Cherokee County tax books are closed on April 1 of each year. The Board was informed in May 1993 that the statutory deadline for filing applications for freeport exemptions is April 1. The chairman of the Board, who was the defendants' sole witness, testified that he voted to

allow untimely applications for 1993 because the past practice of the Cherokee County Tax Office's Personal Property Department had misled applicants into believing they could apply for the exemption at any time. The Personal Property Department in fact had not informed applicants of the April 1 deadline, and applications filed after April 1 had been allowed in previous years. As a result, the Board decided to allow untimely applications in 1993 but not in any subsequent years, and the Board instructed the Chief Appraiser to publicize the time for filing such applications. There were also applications for freeport exemptions which had not been "properly" filed, in that they contained mistakes such as wrong information and lack of a signature. These, too, were allowed, as were untimely applications for homestead exemptions in 1993.

The court held that although OCGA § 48-5-48.1 (c) states that the taxpayer has waived the exemption by failing to file a timely application, this does not prohibit the Board from extending the period of time for accepting applications. Noting that the Board had a history of accepting any untimely application for freeport exemptions and had permitted the late filing of other types of exemptions including homestead exemptions, the court found that the Board members had properly and impartially discharged their duties so that removal is not warranted.

We must disagree with the court's holding that the Board was authorized to extend the period of time for accepting applications beyond the date on which the books for the return of taxes in the county were closed. State law establishes such date as a mandatory deadline and gives a local board of tax assessors no authority to extend it. Under the law, we thus hold that the defendants acted improperly in allowing untimely applications for freeport exemptions for 1993.

In *DeKalb County Bd. of Tax Assessors v. Lanier Worldwide,* 208 Ga. App. 435 (1) (430 SE2d 595) (1993), as here, a business made an application for a freeport exemption beyond the April 1 deadline. The DeKalb County Board of Tax Assessors denied the application as untimely. In subsequent litigation between the applicant and the Board, this court held that the superior court erred in denying the Board's motion for new trial. Although we were not called upon to decide whether a board of tax assessors has the authority to accept an untimely application for a freeport exemption, a reading of *Lanier* shows that the DeKalb County Board of Tax Assessors acknowledged that there is no legal basis for granting an extension. 208 Ga. App. at 436.

In *Lanier,* the county taxpayers were informed of the mandatory deadline in documentation mailed to them. The evidence in this case shows that until 1993 the Cherokee County taxpayers were misled

into believing that they could apply for the exemption at any time; and that in 1993 the defendants ordered the mandatory deadline to be enforced, although only in future years, after taxpayers were informed of it. Under the law, the defendants are subject to removal from office if the court finds that they did not properly *and* impartially discharge their duties or that they discriminated in favor of certain citizens or classes of citizen and against others. The evidence does not demand such a finding.

*Allen v. Norris*, supra, holds that the breach of a duty imposed by law does not ipso facto mandate removal of members of the board of tax assessors from office and that it is within the court's discretion to remove the members from office upon a showing of cause. As in *Allen*, supra, as well as *Thompson v. Queen*, supra, the court did not abuse its discretion in refusing to find cause here.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JANUARY 30, 1995.

*Ted B. Herbert*, for appellant.
Jimmy Hill, *pro se*.
*R. Mark Mahler*, for appellees.

