## A97A0151. SWAFFORD v. BRADFORD et al.
(484 SE2d 300)

Judge Harold R. Banke.

A freehold petition was filed by 131 individuals in superior court under OCGA § 48-5-296, seeking to remove from office Bessie Bradford, Howard Massey and Frank Winans, three of the four members of the Dade County Board of Tax Assessors. One respondent, board member Howard Massey, filed a notice of intent to seek damages for abusive litigation against each petitioner. Massey's counterclaim provided that any petitioner who withdrew would not be subject to his counterclaim. Subsequently, 63 of the petitioners withdrew. Massey successfully moved to add as a party petitioner, Joseph D. Swafford, the appellant. Although Swafford prepared, circulated, and filed the petition for removal, he did not sign the petition. Massey admits that Swafford was added as a party petitioner for purposes of the counterclaim for frivolous litigation.

The trial court addressed the merits of the freeholders' petition focusing on three grounds: (1) whether the respondents through their employee (the chief appraiser) complied with OCGA § 48-5-263 (a) [sic] (11); (2) whether the respondents complied with their duty to properly investigate and approve assessments of real and personal property and properly notify those affected; and (3) whether the

respondents improperly reported the status of any real property classified as agricultural or otherwise.

The petitioners showed a possible statutory violation of the requirement that a county's appraisal staff "furnish to the tax collector or tax commissioner a periodic list of those mobile homes to which a decal is not attached." OCGA § 48-5-263 (b) (11). Tax commissioner Jane Moreland testified without contradiction that from January 1, 1994 through July 28, 1995, she had not been furnished with any lists of mobile homes for which the decal had not been attached. Moreland's testimony was corroborated by Diane Burnett, the chief appraiser, who testified that "[t]here are no lists" because "[w]e don't have the proper manpower to keep a running total on most kinds of lists." Moreland admitted that after the filing of the underlying petition, the assessors and appraiser had begun to furnish that information to her office. Moreland testified that information on 180 mobile homes, having an assessed value of $294,385, generating about $5,000 to $6,000 in taxes, had been turned over to her after commencement of the removal petition.

The petitioners' evidence also appeared to indicate a possible statutory violation of the requirement that county tax appraisers "[p]repare and mail assessment notices after the county board of tax assessors has determined the final assessments." OCGA § 48-5-263 (b) (5). It is undisputed that the 1995 tax assessments, including notices of assessment changes, were mailed on or about April 18, 1995, despite the failure of the Board of Assessors to approve them until June 6, 1995.

The chief appraiser testified that she did not believe that respondents failed to execute their responsibilities or failed to keep proper records. Herbert Dyer of the Georgia Department of Revenue, Property Tax Division, explained that an office having limited personnel would experience difficulty in keeping assessments current.

Following the evidentiary hearing, the court concluded that the petitioners failed to prove any allegations that would justify the respondents' removal from office.[1] The court found that the petition was filed without substantial justification, was groundless, vexatious, and was "filed by Joseph Swafford in a spirit of revenge for his recent removal as a board member by the Dade County Commissioners."[2] The court ruled in favor of Massey's counterclaim for abusive litigation against Swafford but denied Massey's counterclaim for the same against the original named petitioners. The court awarded Massey $367.75 in expenses and costs and $2,310.90 in attorney fees.

---

[1] Board member Bessie Bradford resigned from office approximately one month before the hearing.

[2] See *Swafford v. Dade County Bd. of Commrs.*, 266 Ga. 646 (469 SE2d 666) (1996).

Raising 12 enumerations of error, Swafford challenges the judgment. *Held*:

1. In eight enumerations, Swafford attacks the trial court's judgment in favor of the respondents. Findings of fact made by a trial court in a nonjury trial may not be set aside unless they are clearly erroneous. *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281, 282 (1) (466 SE2d 855) (1996).

Notwithstanding the petitioners' evidence, even breach of a duty imposed by statute does not necessarily mandate removal from office. *Allen v. Norris*, 151 Ga. App. 305, 306 (259 SE2d 701) (1979). Moreover, it is within the trial court's discretion to remove the members from office. *Thompson v. Queen*, 198 Ga. App. 627, 628 (402 SE2d 361) (1991). We are not able to find that the trial court abused its discretion in determining that the removal of the board members was not warranted under the evidence presented. Accord *Allen*, 151 Ga. App. at 306; OCGA § 48-5-296.

2. In several enumerations, Swafford challenges the judgment against him for attorney fees, expenses, and costs. Pretermitting consideration of the propriety of assessing these fees against only one party petitioner and consideration of whether the award of attorney fees is permissible under OCGA § 48-5-296, we find the trial court erred as a matter of law in awarding judgment against Swafford.

When no damages other than costs and expenses of litigation and reasonable attorney fees are claimed, as here, the procedures provided by OCGA § 9-15-14 must be followed. OCGA § 51-7-83 (b). Under OCGA § 9-15-14, a litigant is not authorized to seek an award until after the case is concluded, and such an award may not be sought by counterclaim filed prior to the final disposition of the action. *Hutchinson v. Divorce & Custody Law Center*, 207 Ga. App. 421 (427 SE2d 784) (1993). See, e.g., *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994); *Marshall v. Ricmar, Inc.*, 215 Ga. App. 470 (451 SE2d 515) (1994). Because Massey could not bring an action against Swafford under the statutory tort for abusive litigation, the trial court erred in permitting Massey to add Swafford as a party for the purpose of a counterclaim under OCGA § 51-7-80. *Hutchinson*, 207 Ga. App. at 424.

Inasmuch as Swafford was improperly added as a party, it follows that the court could not award attorney fees against him because under OCGA § 9-15-14, "the legislature specifically authorized award of litigation costs and attorney fees against *parties* and *parties' attorneys*, and no others." (Emphasis in original.) *Allstate Ins. Co. v. Reynolds*, 210 Ga. App. 318 (436 SE2d 56) (1993). The trial court's award of attorney fees, costs and expenses is accordingly reversed.

*Judgment affirmed in part and reversed in part. Johnson and*

*Blackburn, JJ., concur.*

DECIDED MARCH 14, 1997.

*Hatcher, Johnson & Meaney, James A. Meaney III*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellees.