A04A0382. SMITH v. MONTGOMERY COUNTY BOARD OF TAX ASSESSORS.

(601 SE2d 386)

RUFFIN, Presiding Judge.

Ronnie Smith and other unnamed individuals (collectively, "Smith"), acting as "freeholders" under OCGA § 48-5-296, petitioned to remove from office John Brewer and Howard Morris, members of Montgomery County's Board of Tax Assessors (the "Board"). According to Smith, the two officers are not qualified to serve and have acted in a discriminatory manner. Following a bench trial, the trial court denied the petition, and this appeal followed. Finding no error or abuse of discretion on the part of the trial court, we affirm.

Viewed in a light favorable to the trial court's findings,[1] the record demonstrates that, at the relevant time, Montgomery County had only two members on its Board of Tax Assessors — Brewer and Morris. Board members are appointed by the county commissioners, and they receive $30 per day. According to Morris, the county commissioners have difficulty finding individuals who will serve as Board members.

The Board hired James McCall as the county's sole appraiser of Montgomery County. Although Georgia law provides that a county the size of Montgomery County should have a "level III" appraiser, McCall is a "level II" appraiser.

From 1992 through 2001, Montgomery County's tax digest "was slowly slipping out of line." Specifically, the property values were collectively too low. McCall encouraged the County to "bring [the] digest in line," but was told that the County did not have the money. The Board has no independent source of income and relies on the county commission to authorize funding.

Finally, in 2001, the Georgia Department of Revenue ordered Montgomery County to conduct a mass re-evaluation of all real property within the county. Accordingly, the County entered into a contract with Technical Appraisal Services to re-evaluate the property. Jimmy Kight, who works for Technical Appraisal Services, then appraised all property within the county, including multiple parcels owned by Smith. The appraisal resulted in an increased value to most

---

[1] See *Cannon v. Wesley Plantation Apts.*, 256 Ga. App. 244, 247 (2) (568 SE2d 137) (2002).

of Smith's property.[2] According to Kight, the increase in value of Smith's property was in keeping with the increased value of many other properties. Kight further testified that numbers from the mass appraisal fell within the necessary parameters set by the State and that an audit by the State "verif[ied]" his work.

Dissatisfied with the valuation of his property, Smith appealed to the Board of Assessors and the Board of Equalization. While dealing with the various board members, Smith discovered that McCall is a level II appraiser and that the law requires that a level III appraiser serve as chief appraiser.[3] Smith also found out that neither Brewer nor Morris had taken the required 40 hours of approved appraisal courses every two years during their tenure on the Board.[4]

Smith then petitioned for the removal of both Brewer and Morris, asserting that they were unqualified for the position given their failure to take the requisite courses. Smith also argued that Brewer and Morris had not properly and impartially discharged their duties as members of the Board and had discriminated in favor of certain citizens. In 2002, Brewer and Morris took a 40-hour appraisal course, but Smith contends that their past failure to take the required courses renders them currently unqualified.

Following a bench trial, the court found that, after taking the appraisal course, Brewer and Morris were current in their educational requirements. However, the court determined that Brewer and Morris had violated the law by failing to: (1) retain a level III appraiser; (2) take the required courses to serve as Board members; and (3) "furnish[ ] the complaining taxpayers with information sufficient for the taxpayer to understand the reasons for the increase in [their] assessment." The trial court nonetheless declined to remove the two Board members, finding that the lack of hiring and training "is caused by budget restrictions," and that the county commissioners control the Board's funding. The trial court further noted that "[t]he disruption of such an essential county office, the Tax Assessor's, is a drastic remedy and the Court should not lightly impose this penalty." Finally, the trial court found that the Board members had not acted in a partial or discriminatory manner.

Smith appeals this order, arguing that Brewer's and Morris' failure to take the required appraisal courses warranted their removal as a matter of law. In the alternative, Smith asserts that the

---

[2] The exact increase is unclear from the record. Smith argued that the appraised value of certain property increased by over 800 percent. Kight, however, testified that the overall increase was 216 percent.

[3] See OCGA § 48-5-264 (a).

[4] See OCGA § 48-5-291 (a) (6).

trial court abused its discretion in failing to remove the two Board members. For reasons that follow, we disagree and affirm.

1. Pursuant to OCGA § 48-5-291 (a) (6), "[n]o individual shall serve as a member of the county board of tax assessors who . . . [d]oes not successfully complete at least 40 hours of approved appraisal courses . . . during each two years of his tenure as a member of [the Board]." According to Smith's interpretation of this statute, the failure of the two Board members to complete appraisal courses in prior years renders them unqualified to serve as a matter of law. We disagree.

Our Supreme Court recently reiterated certain rules of statutory construction. According to that Court,

> one of the cardinal rules of statutory construction requires the courts to consider the consequences of any proposed interpretation and not construe the statute to reach an unreasonable result unintended by the legislature. The construction of statutes must square with common sense and sound reasoning. Moreover, language in one part of the statute must be construed in light of the legislature's intent as found in the whole statute.[5]

Thus, in construing OCGA § 48-5-291, we may also look to OCGA § 48-5-296, which deals specifically with the removal of Board members. Under this statute, "the judge shall hear and determine the matter without a jury and shall render such judgment and order *as may be right and proper*."[6] In other words, the trial court is vested with discretion in determining whether to remove Board members from office.[7] Discretion is necessary, given the balancing of factors that the trial court must undertake before rendering a decision.[8] Indeed, we have held that "the breach of a duty imposed by law, ipso facto, [does not] mandate[ ] removal from office."[9]

Here, the trial court concluded that Brewer and Morris had become current by taking a 40-hour appraisal course. The trial court also found that removing the only two Board members would disrupt an essential county function, which finding is buttressed by the

---

[5] (Citations and punctuation omitted.) *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004).

[6] (Emphasis supplied.) OCGA § 48-5-296.

[7] See *Swafford v. Bradford*, 225 Ga. App. 486, 488 (1) (484 SE2d 300) (1997); *Thompson v. Queen*, 198 Ga. App. 627-628 (402 SE2d 361) (1991); *Allen v. Norris*, 151 Ga. App. 305, 306 (259 SE2d 701) (1979).

[8] See *Allen*, supra.

[9] See id.

evidence that the County had difficulty obtaining people to fill positions on the Board. Under these circumstances, we find no abuse of discretion in the trial court's refusal to look beyond the current term and find the two Board members disqualified for their past failure to take required courses. Thus, this allegation of error presents no basis for reversal.

The case cited by Smith, *Diefenderfer v. Pierce*,[10] does not require a different result. In that case, the Supreme Court found that the trial court erred in refusing to declare that an individual "who does not have a college degree, does not possess the statutory qualifications for the position of Executive Assistant to the Chief Executive Officer of DeKalb County."[11] However, the Act at issue dealt specifically with the governance of DeKalb County.[12] And we are aware of no provision in that Act which grants the trial court discretion in the removal of such executive assistant to the chief executive.

2. Smith also asserts that the trial court abused its discretion in failing to remove Brewer and Morris given the breadth of their failings as Board members. To support his claim, Smith points to: (1) the two Board members' failure to hire a level III appraiser; (2) the inadequacy of the notice sent to taxpayers to explain the increased assessments on property; and (3) the failure to properly supervise Kight to ensure that he followed all regulations in conducting the mass appraisal. The trial court essentially conceded that several of Smith's concerns in this regard are valid, but nonetheless declined to remove Brewer and Morris.

"Findings of fact made by a trial court in a nonjury trial may not be set aside unless they are clearly erroneous."[13] As noted above, the trial court found that budget restraints were, in part, to blame for Brewer's and Morris' failure to retain a level III appraiser. And although the trial court was troubled by the other violations cited by Smith, it concluded that removing the only two members from the Board was too drastic a remedy and would disrupt the running of an essential office.[14] As the record supports the trial court's findings, we cannot say that the trial court abused its discretion in declining to remove Brewer and Morris.[15]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

---

[10] 260 Ga. 426 (396 SE2d 227) (1990).

[11] Id.

[12] See Ga. L. 1981, pp. 4304, 4321.

[13] (Citation omitted.) *Swafford*, supra.

[14] The trial court also found that Brewer and Morris had acted impartially and had not discriminated in favor of certain citizens. As Smith makes no cogent argument challenging this aspect of the trial court's ruling, we do not address this finding on appeal.

[15] See id.; *Thompson*, supra at 628; *Allen*, supra at 306.

DECIDED JUNE 16, 2004 —
RECONSIDERATION DENIED JUNE 29, 2004 — 

*Durden, Kaufold, Rice & Barfield, Howard C. Kaufold, Jr.*, for appellant.

*Almand & Wiggins, O. Hale Almand, Jr., Hope L. Martin*, for appellee.