**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 2, 2020**

# In the Court of Appeals of Georgia

A20A0167. CARRUTHERS v. CHAN.

PHIPPS, Senior Appellate Judge.

In this action to domesticate a foreign judgment appointing a guardian for an adult ward, the ward's adult daughter appeals from the Spalding County Superior Court order domesticating the foreign judgment and ordering the daughter to pay $7,500 in attorney fees to the petitioner. For the following reasons, we reverse the trial court's award of attorney fees and affirm the trial court's order domesticating a foreign judgment.

On May 1, 2019, a Maryland state court entered an order appointing petitioner Alan Chan as the temporary guardian of the person and property of his wife Kathy Chan on the ground that Kathy "lacks sufficient understanding or capacity to make

or communicate responsible decisions concerning [her] person and property." (the "Maryland Guardianship Order").

On May 14, 2019, Alan Chan filed an "Emergency Petition for the Registration of Order Appointing Temporary Guardian of the person and property of Kathy Chan" in the Superior Court of Spalding County. The petition sought to domesticate the Maryland Guardianship Order, and alleged that Kathy is a resident of Baltimore County, Maryland who is a disabled adult with severe dementia that had been removed from her Maryland home to live with her adult daughter, Christi Carruthers, in Spalding County, Georgia. Later that day, the Spalding County Superior Court granted Alan Chan's emergency petition to make Alan Chan temporary guardian of Kathy. The record does not show that Carruthers was served with the petition.

Kathy Chan, through her attorney, filed an answer and counterclaim to the petition. An affidavit by Carruthers was attached to the answer. On May 20, 2019, the trial court held a hearing on the emergency petition for registration of the order appointing temporary guardianship over Kathy Chan. Carruthers was not served with notice of the hearing and did not appear. The trial court then vacated its May 14, 2019, order and ordered "[a]ll parties, the Ward, and all counsel" to appear at a hearing on May 29, 2019, in an order dated May 20, 2019. Carruthers was still not a

2

party to the proceedings because she had not voluntarily made an appearance and had not been served.

The trial court then held a hearing on May 29, 2019, at which Alan Chan, his counsel, and Kathy Chan's counsel appeared.[1] The trial court's order reflects that neither Kathy Chan nor Carruthers were present. The trial court granted Alan Chan's petition to domesticate the Maryland Guardianship Order. The trial court's order reflects that Alan Chan's counsel "made a verbal motion for Attorney's Fees under OCGA § 9-15-14 seeking to have fees assessed against Carruthers for failing to appear or causing Kathy Chan to appear." The trial court then ordered Carruthers to pay Alan Chan $7,500 in attorney fees. This Court granted Carruthers's application for discretionary appeal from the trial court's order.

1. Carruthers first argues that the trial court erred by entering an award of attorney fees against her pursuant to OCGA § 9-15-14. We agree.

Carruthers was not made a party to this action. She was not served with the petition, nor did she arguably waive service by participating in the case by filing an answer or appearing at the hearing. Further, the trial court's order directing "[a]ll

---

[1] The attorney representing Kathy Chan appeared at the hearing, but had filed a motion to withdraw representation. The trial court granted the motion.

3

parties, the Ward, and all counsel" to appear did not specify that Carruthers should appear at the hearing because she was not properly made a party to the case. "[G]enerally, only a party to a civil case, or one who has sought to become a party by way of intervention and has been denied the right to do so, can appeal from a judgment. However, where judgment is entered against a nonparty, that nonparty has standing to appeal." (Punctuation and footnote omitted.) *WellStar Health Systems, Inc. v. Kemp*, 324 Ga. App. 629, 632-633 (1) (a) (751 SE2d 445) (2013). Therefore, although Carruthers was not a party to the lower court action, we find that she has standing to challenge the award of attorneys fees because she was "directly aggrieved by the decision" to award attorney fees against her. (Footnote omitted.) Id.

However, because Carruthers was not properly made a party to the petition to domesticate the guardianship order, the trial court had no authority under OCGA § 9-15-14 to impose the attorney fees and expenses against her. See *Swafford v. Bradford*, 225 Ga. App. 486, 488 (2) (484 SE2d 300) (1997); *Watkins v. M&M Clays, Inc.*, 199 Ga. App. 54, 57 (3) (a) (404 SE2d 141) (1991). Accordingly, we reverse the trial court's award of attorney fees against Carruthers.

2. Carruthers argues that the trial court erred by domesticating the Maryland Guardianship Order. She was not properly made a party to this case however, and she

is not directly aggrieved by the trial court's ruling on the domestication of the Maryland Guardianship Order. It follows that Carruthers does not have standing to appeal from the trial court's order on this issue. See *In re J. R. P.*, 287 Ga. App. 621, 622 (1) (652 SE2d 206) (2007) ("It is well-settled that a person may only challenge a ruling which has adversely affected his or her own rights. And a person who has not been aggrieved by a lower court judgment cannot challenge that ruling on appeal" (Punctuation and footnote omitted)).

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Gobeil, J., concur.*