**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 20, 2023**

# In the Court of Appeals of Georgia

A23A0125. ELLIS v. SEAVER.

PHIPPS, Senior Appellate Judge.

Troy Ellis appeals a trial court's assessment of OCGA § 9-15-14 attorney fees against him.[1] Because Ellis was not a party to the case, the trial court lacked authority under OCGA § 9-15-14 to impose these fees. We therefore reverse the trial court's award.

In Georgia, an award of attorney fees is in derogation of common law and must be authorized by either a statute or contract. *Bishop v. Goins*, 305 Ga. 310, 311 (824 SE2d 369) (2019). A statutory authorization for attorney fees must be strictly construed. Id. Whether a particular statute permits a trial court to award attorney fees

---

[1] Ellis initially filed an application for discretionary review, which this Court granted. *Ellis v. Seaver*, Case No. A22D0342 (May 5, 2022).

against a non-party to the litigation is purely a legal issue and is therefore reviewed de novo. Id.

In this case, the trial court awarded attorney fees against Ellis under OCGA § 9-15-14 (a) and (b), which reads:

> (a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom *another party* has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against *the party* asserting such claim, defense, or other position, or against *that party's attorney*, or against both in such manner as is just.
>
> (b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that *an attorney or party* brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that *an attorney or party* unnecessarily expanded the proceeding by other improper conduct[.] . . .

(Emphasis supplied.)

2

The Supreme Court of Georgia has concluded that the plain and unambiguous language in OCGA § 9-15-14 does not apply to individuals who "are not parties in [the] civil action." *Workman v. RL BB ACQ I-GA CVL, LLC*, 303 Ga. 693, 697 (1) (814 SE2d 696) (2018) (addressing an award of OCGA § 9-15-14 attorney fees to a non-party). As the Court noted in *Workman*, a "party" is defined as "one by or against whom a lawsuit is brought." Id. at 698 (1) (citation and punctuation omitted). Indeed, this Court repeatedly has concluded that "[i]n OCGA § 9-15-14 the legislature specifically authorized [the] award of litigation costs and attorney fees against *parties* and *parties' attorneys*, and no others." *Allstate Ins. Co. v. Reynolds*, 210 Ga. App. 318, 318 (436 SE2d 56) (1993) (emphasis in original); accord *Swafford v. Bradford*, 225 Ga. App. 486, 488 (2) (484 SE2d 300) (1997). As we stated in *Reynolds*,

> [w]e must interpret the section according to the natural and most obvious import of its language without resorting to subtle and forced construction for the purpose of either limiting or extending its operation. Therefore, we are not authorized to increase the scope of the section to non-parties, and we have so held previously. If the provisions of OCGA § 9-15-14 are to be extended to non-parties, the legislature must do it, not this court.

210 Ga. App. at 318-319 (citations omitted).

3

In an attempt to overcome the "party" requirement delineated in OCGA § 9-15-14, the trial court in this case specifically found that Ellis "file[d] pleadings in his own name, sometimes saying he was a new party and sometimes taking the role of [a] party." The court acknowledged, however, that it had denied Ellis's "request to be a party of the case." In fact, in its order denying Ellis's motion to intervene, the trial court stated that Ellis "has not been a party to any of the actions in this matter [and] he has no standing in this matter."

The record in this case is clear: Ellis was not a party to the action. Accordingly, the trial court did not have authority under OCGA § 9-15-14 to impose attorney fees against him. See *Carruthers v. Chan*, 354 Ga. App. 826, 827 (1) (841 SE2d 475) (2020); accord *Steven E. Marshall, Builder, Inc. v. Scherer*, 206 Ga. App. 156, 156 (424 SE2d 841) (1992) ("Although the trial court refers to Marshall individually in its findings, the record demonstrates that Marshall is not a party in the case; therefore, the court was without authority to impose fees against him under OCGA § 9-15-14."). To the extent that OCGA § 9-15-14 provides an incomplete remedy to a party who is faced with a non-party who files numerous vexatious motions, "it is for our legislature, rather than this court, to fashion a more complete remedy." *NRD Partners II v. Quadre Investments*, 364 Ga. App. 739, 743 (2) (a) (875 SE2d 895) (2022). The

4

trial court's assessment of OCGA § 9-15-14 attorney fees against Troy Ellis is reversed. This ruling renders moot Ellis's other claims regarding the merits of the attorney fee award.

*Judgment reversed. Doyle, P. J., and Gobeil, J., concur.*